Cole, Ch. J.
The plaintiff, in his petition, avers that he is the owner of the real estate; that the defendant claims title to said land by virtue of a tax deed, dated May 27,1865, which deeded said lands, with a number of others, in bulk, and claiming that the tax certificate and sale corresponded with said deed; that the county treasurer subsequently made other deeds different from the certificate of sale for each separate forty of land; that there was no assessment for a basis for the tax upon which said sale and tax deed were based, and that there was not and never has been an assessment roll signed by an assessor or any individual, official or otherwise; that the lands were not advertised according to law, and that the sale, as claimed in the deeds, was an adjourned sale, and that there was no adjournment as required by law.
The defendant demurred to the petition because, *469 first, the petition does not show a cause of action; second, the tax deeds set out, and the statutes, are conclusive against the irregularities complained of. This demurrer was sustained, and thereon is assigned the only error complained of.
We have already held that the assessment of real estate is one of the essential pre-requisites to the exercise of the taxing power, and without which the right to sell could not arise; and hence that it was not competent for the legislature to make the deed conclusive evidence of that fact. McCready v. Sexton, 29 Iowa, 356; 4 West. Jur. 284. The deed is onl y prima facie evidence of the existence of the essential steps, while it is conclusive of the nonessential or directory steps. Allen v. Armstrong, 16 Iowa, 508. In the petition it is distinctly averred that there was no assessment of the property in controversy; this is admitted by the demurrer, and, being admitted, operates to defeat the tax title and make the plaintiff’s title perfect in him as averred; and hence the petition does state a cause of action, and the demurrer should have been overruled.
Reversed.