WILSON v. CRAFTS.

1 **Tax Deed:** EFFECT AS EVIDENCE: NOTICE TO REDEEM. A tax deed
  is not conclusive evidence of the giving of notice when the time for re-
  demption from the sale would expire. Following *Reed v. Thompson,*
  *post*, 455.

2. ——: VALIDITY OF: EVIDENCE. Where a notice of the expiration of
  time for redemption from a tax sale, and a proof of service thereof, are
  regular on their face and a deed is executed in accordance therewith, any
  person asserting the invalidity of the deed on the ground that service of
  the notice was not made as the proof shows, or was not made upon the
  proper persons, has the burden of overcoming the *prima facie* evidence
  furnished by the papers.

*Appeal from Linn Circuit Court.*

SATURDAY, JUNE 18.

ACTION for partition of forty acres of land in Linn county.
The plaintiff claims to be the owner of one undivided eigh-
teenth part. The defendant denies that the plaintiff owns
any part of the forty acres, and avers that he owns the whole.
There was a decree for the defendant. The plaintiff appeals.

*Geo. W. Wilson,* for appellant.

*B. F. Hines,* for appellee.

ADAMS, CH. J.—The defendant claims to own the property
by virtue of a tax deed, the validity of which is not questioned.
But the plaintiff claims to own an undivided eighteenth by
virtue of a subsequent tax deed, and this deed appears also to
be valid provided the notice of the expiration of the time of
redemption required by section 894 of the Code was properly
given. The defendant insists that it was not.

Before proceeding to the consideration of the manner in
which the notice was given it is proper that we should say
1. TAX DEED: that the plaintiff insists that it is immaterial in
effect of as
evidence: no- what manner it was given, or whether any notice
tice to re-
deem.     at all was given, because the deed is made by

statute conclusive evidence that due notice was given. This court held, however, in *Reed v. Thompson*, decided at the present term, that the deed is not conclusive evidence.

No objection is made to the form of the notice, but it is insisted by the defendant that it was not served upon the right person nor in the right manner. The notice introduced in evidence purports to run " to B. S. Goldman and G. D. Crafts, persons in possession of the following described property," and " to M. Stickell estate; person taxed with the following described property." It was personally served upon Goldman, but upon the others it was served by publication.

2. ——: validity of evidence.

The statute provides that the notice must be served upon the person in possession of the land, and upon the person in whose name it is taxed if such person resides in the county where the land is situated. The service may be made upon non-residents of the county by publication.

There is no evidence in this case that Goldman, Crafts or any one else was in possession. There is no evidence that the land was taxed in the name of any person. The defendant claims that the notice so drawn as to describe himself in possession should be regarded as evidence against plaintiff that he, the defendant, was in possession and as the evidence shows that he was not a non-resident of the county and personal service was not made upon him he claims that the service was insufficient, and the deed void. But the fact that the notice was so drawn as to describe the defendant in possession cannot be regarded as evidence that he was in possession. It would indicate that the person who drew the notice so supposed at the time, but we think nothing more.

The notice and proof of service might be sufficient for aught that appears upon their face nor are they impeached by the extrinsic evidence. The affidavit of service required by the statute was made, and this is made by statute to constitute " presumptive evidence of the completed service of notice required." It must then, we think, be presumptive

evidence that the persons served were the right persons. Where, then, the notice and proof of service appear upon their face to be regular, and a deed is issued in accordance therewith, any person asserting the invalidity of the deed upon the ground that the service was not made as the proof shows, or that the persons served were not the right persons, has the burden of overcoming the *prima facie* evidence furnished by the papers. As the defendant in the case at bar has failed to overcome such evidence he has not, we think, succeeded in impeaching the plaintiff's tax deed, and the judgment of the court below must be

REVERSED.