The opinion of the court was delivered by
Horton, C. J.:
Plaintiffs in error were the owners and holders of a tax deed, of the date of December 26,1876, upon lots one and'two, in block fourteen, in the town of Somerset, county of Miami. The deed was based upon a tax sale made in 1873, for the taxes of 1872. After obtaining the tax deed, *91 plaintiffs took possession of the premises, and paid the subsequent taxes for the years 1876, 1877, and 1878. On January 30, 1880, plaintiffs brought an action against William A. Smith and others, in the district court of Miami county, to quiet title to the premises. Before coming to trial, the action was dismissed as to all except William A. Smith. In such, action, the court found that Smith was the owner of the real estate, and adjudged the tax sale upon which the plaintiffs’ title was based, and also the tax deed, to be invalid. On December 17, 1880, after the tax sale and tax deed had been adjudged invalid, plaintiffs filed with the board of county commissioners of Miami county their claim for the money paid on the sale, together with the subsequent taxes and charges, with -interest. The claim was rejected by the commissioners, and plaintiffs appealed to the district court. In the latter court pleadings were filed by the parties, and in the petition of plaintiffs, among other things it was alleged that “on the 15th day of October, 1880, at the county of Miami, state of Kansas, in an action then pending in the district court within and for said county and state, wherein plaintiffs herein were the plaintiffs, and William A. Smith .was the defendant, the sale of the premises for the taxes of 1872, together with the tax deed, were adjudged invalid, and that all the taxes subsequently paid on said premises by plaintiffs under their tax deed were also adjudged invalid.”
The case was tried by the court, without the intervention of'a jury, and the court.announced its conclusions of fact and law as follows:
“1. That the plaintiffs are, and were at the presentation of the claim herein for allowance by the defendant, the owners of such claim, if a legal one. ■
“ 2. That the claim was presented for allowance in due form, and refused by the board.
“ 3. That there is no proof on the trial of this case that said taxes were either illegal, or adjudged or discovered to be illegal.
“From the foregoing conclusions of fact, the court finds that the plaintiffs cannot maintain their action to final judgment in their behalf against the defendant.”
*92 Upon the trial, the plaintiffs offered to introduce in evidence the record in the case of plaintiffs against William A. Smith, decided October 15, 1880, in which case the tax sale of the premises had in 1873 was adjudged invalid. Defendant objected to the introduction of this testimony, upon the ground that it was incompetent, irrelevant, and immaterial. The court sustained the objection. This was error. Sec. 121, Gen. Stat. of 1868, provides:
“If, after the conveyance of any land sold for taxes, it shall be discovered or adjudged that the sale was invalid, the county commissioners shall cause the money paid therefor on the sale, and all subsequent taxes and charges paid thereon by the purchaser, or his assigns, to be refunded, with interest on the whole amount at the rate of ten per cent, per annum, upon the delivery of the deed to be canceled; and in all such cases, where the county treasurer shall have offered to the person entitled thereto his money as aforesaid, and such person shall refuse to receive it and cancel the deed, he shall not be entitled to receive any interest on the money so paid by him after the day of such offer and refusal, nor shall any recovery ever be had against the county on the covenants of such deed.”
A similar section existed in the law of 1876. Notwithstanding that in 1879 this provision of the law was materially changed, plaintiffs in error are entitled to have their moneys refunded under the statute existing when their rights vested. The repayment of the taxes and charges and interest to a purchaser at a tax sale, after the conveyance thereon has been adjudged invalid, was as much a part of the contract with such purchaser as the execution of the conveyance itself. Therefore, under the statute of 1868 and 1876 a party seeking to have the board of county commissioners refund to him the money paid upon an invalid tax sale, has the right to allege in his claim that such tax sale has been adjudged invalid, and upon such an allegation may sustain the averment by proof that a decree and judgment to that effect were duly made by a court having competent jurisdiction. In this case it was sought to prove the judgment of the district court in which the action was being tried. Of course, the judg *93 ment in that case would not be conclusive upon the defendant, as Miami county was not a party to the action of Morgan v. Smith, but the judgment rendered was, under the statute, competent evidence. Prima fade, it is a judgment that the tax sale is invalid. If the judgment was obtained by fraud or collusion, the defendant could evade its force by proof thereof.
This conclusion really disposes of the case, because the judgment of the court below seems to have been based upon the finding of facts that there-, was no proof that the taxes were illegal, or that they had been discovered or adjudged invalid. In anticipation of a new trial, however, we may add that the claim of the statute of limitations will not avail. The claim for the refunding of the taxes was filed with the county board December 17, 1880. The statute governing this action prescribes that if, after the conveyance of lands sold for taxes, it shall be discovered or adjudged that the sale was invalid, the county commissioners shall cause to be refunded the taxes, charges, and interest. The holder of the tax deed is entitled to have the taxes, etc., refunded when the sale is discovered or adjudged invalid. Now the petition shows that the tax sale was not adjudged invalid until October 15, 1880. The proceedings were commenced in December thereafter; therefore, the claim of the plaintiffs is not barred by § 47, eh. 25, Comp. Laws of 1879, or by any other statute of limitation, notwithstanding the tax deed was executed December 26, 1876.
The judgment of the district court must be reversed, and the cause remanded.
All the Justices concurring.