WADLEIGH vs. THE MARATHON COUNTY BANK.

*October 25 — November 20, 1883.*

PLEADING. *(1) Form of denial.*

TRESPASS TO LAND: TAX DEED: ESTOPPEL. *(2) When plaintiff must prove title. (3) What possession of defendant bars action. (4) One tax-title claimant not estopped to deny title of another. (5) Invalidity of tax deed for lack of jurisdiction in taxing officers: statute of limitations.*

1. An allegation that the defendant "for answer to the complaint of the plaintiff in this action alleges, upon information and belief it denies each and every material allegation," etc., is equivalent to the statement that "the defendant alleges as follows, to wit: Upon information and belief it denies," etc., and is a sufficient general denial.

2. In an action for a permanent injury to land the plaintiff must establish his title.

3. The true owner of land, although not in the actual possession thereof, may maintain an action in the nature of trespass for injuries to the freehold, even though the defendant or his licensor claims title to the land under a tax deed regular upon its face, if they have taken no other possession of the land than such as is incidental and subsidiary to the commission of the trespass. *Austin v. Holt*, 32 Wis., 478.

4. Where the plaintiff in an action of trespass claims title under a tax deed, the defendant is not estopped to deny that such deed conveyed any title, although he himself claims title under a subsequent tax deed.

5. Where the assessment upon which a sale of lands for taxes is based was made by the officers of a town in which said lands were not and never had been situated, and whose officers had never before exercised any jurisdiction over the lands, the deed issued upon such sale is void, and the statute of limitations cannot be invoked in its support.

APPEAL from the Circuit Court for *Columbia* County.

This action was commenced June 4, 1879, to recover the value of 1,000,000 feet of pine saw-logs, alleged in the complaint to have been unlawfully cut by the defendant be-

tween December 1, 1878, and May 1, 1879, upon certain lands owned by the plaintiff in fee simple, which said logs were hauled away by the defendant and converted to its own use. The lands from which the logs are alleged to have been so taken are portions of sections 2 and 3, in township 37 N., range 5 E., in the county of Lincoln. Judgment is demanded for $1,000, the value of the logs, and for the further sum of $1,000 for the damages caused by cutting the same.

The defendant answered the complaint as follows: " And now comes the defendant above named by James & Crosby its attorneys and for answer to the complaint of the plaintiff herein alleges, upon information and belief it denies each and every material allegation, matter and thing in said complaint contained," except that of the incorporation of the defendant. A motion by the plaintiff for judgment for the alleged frivolousness of the answer was denied. Subsequently, by stipulation, the defendant amended his answer by adding thereto averments that one Putnam and his grantees are the owners of the lands described in the complaint by virtue of a certain tax deed, dated and recorded September 6, 1878; that said lands are, and were when such tax deed was issued, wild and unoccupied, and that the cutting complained of was done by permission of said Putnam and his grantees.

To prove his title the plaintiff on the trial read in evidence a tax deed of the lands in question, issued by the county of Marathon to one Goodhue. This deed is for the taxes of 1868, sale of 1869, is dated and was recorded April 24, 1873, and is regular on its face. He also read in evidence a quitclaim deed, duly executed by said Goodhue to himself, of the same lands, dated December 18, 1878, and recorded January 4, 1879. The plaintiff rests his title on these two conveyances. These lands were in the county of Marathon until 1874, and until Lincoln county was organized, when

they became a part of the latter county. Laws of 1874, ch. 128. The assessment of the lands for taxation in 1868 was made by the officers of the town of Jenny, in Marathon county.

To impeach the tax deed to Goodhue the defendant produced in evidence the record of the proceedings of the board of supervisors of Marathon county from 1850 to 1872, inclusive. From this record it appears that prior to 1856 that county consisted of but one town, to wit, the town of Marathon. In that year three towns were organized therein, to wit, Wausau, Mosinee, and Eau Claire. This organization seems to have abolished, or at least disorganized, the town of Marathon. In 1857 the board divided the town of Wausau and created the towns of Marathon and Jenny. In 1865 the board added territory to the town of Jenny, after which time the boundaries of that town remained unchanged while it continued to be a part of the county of Marathon. The limits of the town of Jenny, specified in the orders of 1857 and 1865, do not include town 37 N., of range 5 E., in which the land in question is situated.

There is no record showing that the lands described in the complaint were, at any time before 1874, a part of the town of Jenny, and it does not appear that such town ever exercised any jurisdiction over them before the assessment of 1868.

Defendant read in evidence a tax deed of the lands in question, regular on its face, from Lincoln county to one Putnam, issued upon the sale of 1875 for taxes of 1874, dated and recorded September 6, 1878. A license by Putnam to the defendant to cut the timber on the land was proved, as were also mesne conveyances by Putnam to the defendant of the same lands, which conveyances were executed after the timber was cut.

The plaintiff proved that various errors, omissions, and defects appeared in the assessment and other proceedings

preliminary to the execution of Putnam's tax deed, which, for the purpose of this appeal, it is assumed, rendered such such tax deed void.

On the foregoing facts, the circuit court nonsuited the plaintiff, and he appeals from the judgment of nonsuit.

For the appellant there was a brief by *Jones & Sanborn*, and oral argument by *Mr. Jones*. They contended, *inter alia*, that no one but the original owner when the land was taxed, or those in privity with him, could question the plaintiff's title. The defendant was a stranger to the entire proceedings under which the plaintiff's deed issued. *Sydnor v. Palmer*, 29 Wis., 246; *Phelps v. Parks*, 4 Vt., 488; *Haseltine v. Mosher*, 51 Wis., 443; *Potts v. Cooley*, id., 353; *Low v. Lewis*, 46 Cal., 549; *Doll v. Meador*, 16 id., 296; *Crane v. Reeder*, 25 Mich., 312. Both parties are claiming under tax deeds from the state as one of the grantors, and the defendant can claim no right which the grantor was estopped from setting up. But the state is estopped to assert the validity of the deed to Goodhue under which the plaintiff claims. *Moseley v. Moseley*, 15 N. Y., 334; *Sexton v. Rhames*, 13 Wis., 99; 3 Washb. on R. P., 85, 86, 93; *Stow v. Wyse*, 7 Conn., 214; *Hewitt v. Butterfield*, 52 Wis., 384.

For the respondent there were briefs by *James & Crosby* and by *Moses Hooper*, and the cause was argued orally by *Mr. Crosby* and *Mr. Hooper*. They argued, among other things, that the plaintiff, having been ousted of his constructive possession by the record of the subsequent tax deed and actual possession under the same, cannot maintain trespass until he has asserted title in ejectment. *De Mott v. Hagerman*, 8 Cow., 220; *Payne v. Clark*, 20 Conn., 30; *Davis v. Easeley*, 13 Ill., 192; *Murray v. Fitchburg R. R. Co.*, 130 Mass., 99; *Winkler v. Meister*, 40 Ill., 349; *Bigelow v. Jones*, 10 Pick., 161; *Cochran v. Whitesides*, 34 Mo., 417; *Allen v. Thayer*, 17 Mass., 299; *Lehman v. Kellerman*, 65 Pa. St.,

489; *Gunsolus v. Lormer*, 54 Wis., 630; *Stoltz v. Kretschmar*, 24 id., 283. The defendant's acts would amount to ouster of one who had been in actual possession. *Abbott v. Abbott*, 51 Me., 575; *Kennebec v. Labone*, 2 id., 253; *Page v. Fowler*, 28 Cal., 605; *Anderson v. Hapler*, 34 Ill., 436; *De Mott v. Hagerman*, 8 Cow., 220; *Stockwell v. Phelps*, 34 N. Y., 363; *Halleck v. Mixer*, 16 Cal., 579; *Owen v. Morton*, 24 id., 376; *Mather v. Trinity Church*, 3 S. & R., 509; *Jackson v. Huntington*, 5 Pet., 402; *Ewing v. Burnet*, 11 id., 41; *Warren v. Childs*, 11 Mass., 222; 1 Greenl. Cruise, 51, note 3. Defendant's possession of these lands was the only kind of possession the owner of pine lands ever has. *Huseltine v. Mosher*, 51 Wis., 447; *Stephenson v. Wilson*, 37 id., 482; *Wilson v. Henry*, 40 id., 594; *Smith v. Sherry*, 54 id., 114. A defendant in trespass to real estate may defend on the ground of the invalidity of the plaintiff's title, except in those cases where the plaintiff stands upon his bare possession, and only claims damages for injury to the possession. *Harlan's Heirs v. Haynie*, 9 Tex., 459; *Ragsdale v. Gohlke*, 36 id., 286; 35 id., 82, 713; 37 id., 349; 101 U. S., 591; 3 Wood, C. C., 281; *Stephenson v. Wilson*, 37 Wis., 482, 487–8; *McKinley v. Weber*, id., 279; *Winchester v. Stevens Point*, 58 id., 350; *Edwards v. Noyes*, 65 N. Y., 125; *McCormick v. C., R. I. & P. R. R. Co.*, 47 Iowa, 345; *Wickham v. Freeman*, 12 Johns., 183; *Reeder v. Purdy*, 41 Ill., 289; *Wolfe v. Beecher Manuf'g Co.*, 47 Conn., 231; *Moyer v. Scott*, 30 Mich., 345; *Bank v. Wheeler*, 48 N. Y., 492; *Smith v. Wunderlich*, 70 Ill., 426. In this case the plaintiff stands upon his title and the damages claimed are to the inheritance. The tax deed of the defendant gave color of title at least, and with possession drove plaintiff to prove a good title. *Hoffman v. Harrington*, 28 Mich., 90; *Stephenson v. Wilson*, 37 Wis., 482.

LYON, J.  1. Did the circuit court err in denying plaintiff's motion for judgment, for the alleged frivolousness of the

original answer? If the answer was frivolous — that is, if it contained no denial of any material allegation of the complaint — the motion should have been granted, or, at least, the defendant should have been required to make a better answer. Moreover, if it is frivolous, the amended answer does not deny, and therefore admits, that the plaintiff had title in fee to the lands described in the complaint, down to the time when the tax deed was issued to Putnam, as therein alleged. If that tax deed was successfully impeached, the title would still remain in the plaintiff, and he would be entitled to recover in this action for the logs admitted to have been taken from such land by the defendant. The point made against the original answer is that it contains no direct denial, but only an averment that the defendant says it denies, etc. This form of denial was held insufficient by some of the courts of New York during the early years of the Code. But the rulings there are not uniform. In *Chapman v. Chapman*, 34 How. Pr., 281, the point was ruled the other way. This is the latest ruling on the question, in that state, to which we have been referred.

This case, however, does not require us to choose between the conflicting decisions in New York. It is not, we think, a fair construction of the answer to hold that it merely states that the defendant "says it denies," etc. It commences with the introductory statement that the defendant comes, by its attorneys, "and for answer to the complaint of the plaintiff alleges" — then follows a direct denial in another distinct sentence, "Upon information and belief it denies," etc. The signification of the pleading would not be changed did it read, "The defendant alleges as follows, to wit: Upon information and belief it denies," etc. We cannot doubt that this would be a sufficient denial.

The intention of the pleader to deny all of the material allegations of the complaint, except the incorporation of the defendant, is very manifest, and we think he has expressed

that intention in the answer. The statute (R. S., sec. 2668) requires a liberal construction to be given to pleadings, with a view to substantial justice between the parties. Another statute (sec. 2829) commands us to disregard defects in pleadings which do not affect the substantial rights of the adverse party. Under these statutes it must be held that the original answer contains a sufficient general denial of all unadmitted material allegations of the complaint. It therefore puts in issue the title of the plaintiff to the lands and logs in controversy.

2. Although the action is in the nature of trespass, it is brought to recover damages for a permanent injury to the freehold. Were no damages claimed other than for the mere invasion of plaintiff's possession, the lands being wild and vacant, it would be incumbent on him to prove his title thereto in order to show a constructive possession in himself. The cause of action being permanent injury to the land, to entitle the plaintiff to recover he must establish his title. The reason of this is, if the plaintiff is not the owner of the land, a recovery by him would be no bar to an action for such injury brought against the trespasser by the real owner. The cases which establish these propositions are *Hungerford v. Redford,* 29 Wis., 345; *Austin v. Holt,* 32 Wis., 478; and the case of *Winchester v. Stevens Point, ante,* p. 350. In the last case it was held that actions to recover damages for a permanent injury to the freehold rest upon the same basis, in respect to the necessity of making proof of title, as condemnation proceedings. In such proceedings it has always been held that the claimant must prove title to the land taken or injured before he can have compensation and damages awarded to him by reason of such taking and injury.

3. The learned counsel for defendant maintain that the tax deed to its licensor and grantor, Putnam, being regular on its face, put the constructive possession of the land in Putnam and his grantees, and hence the trespass cannot be

maintained against them for acts done on lands in their possession. Counsel further maintain that the defendant, by the acts of cutting and removing the timber, took actual possession of the land. It is said that the plaintiff is driven to his action of ejectment to recover the lands, and if he prevails therein can have his damages for taking the timber therefrom assessed as mesne profits or as for use and occupation. This position is negatived by the case of *Austin v. Holt, supra.* That was an action of trover for logs cut by one Sargent, on land claimed by the plaintiff. Sargent claimed the land under a tax deed regular on its face, but held invalid for a cause extrinsic to the deed. There, as in this case, it was insisted that because Sargent had possession of the land, trover would not lie for the timber and logs taken from it. DIXON, C. J., who delivered the opinion of the court, thus discusses and determines the question: " Adverse possession of land, such as to prevent the true owner from maintaining trover or replevin for trees, timber, or other things severed and taken from it, should be clearly established. Such possession should be of such a kind and so long continued as to be clearly distinguishable from that which the claimant has while engaged in the mere act of committing the waste or severing and removing the property from the freehold. It should be something different from that which every trespasser has, and must have, in order to commit the trespass. If it be only the possession enjoyed by the trespasser, and taken and held by him for the very purpose, and that alone, of committing the trespass, it is not an adverse possession within the meaning of the rule under consideration. The possession of Sargent. was of the latter kind, and was not sufficient to defeat this action. He built his shanties and took possession for the sole purpose of cutting and carrying off the timber, and his possession was incidental and subsidiary merely to that object. He quit the possession the moment that object was

accomplished. It matters not, therefore, that it took him some weeks or months to accomplish the object; he was a mere trespasser, nevertheless, and so remained from first to last."

In *Hungerford v. Redford, supra*, the defendant also claimed the land from which he took the timber for which he was sued, under a tax deed regular on its face, but invalid in fact for irregularities in the proceedings preliminary to the deed. There the action was replevin, and it was not questioned that the real owner of the land might maintain the action. Under the circumstances of this case, we think the true owner of the land may maintain an action in the nature of trespass for the injuries to the freehold here complained of.

4. It was very earnestly argued by the learned counsel for the plaintiff that the state is the common source of the title claimed by both parties, and that the defendant cannot be heard to allege that the plaintiff's title is void. The case of *Hewitt v. Butterfield*, 52 Wis., 384, is relied upon to sustain this position. That was an action of *ejectment*. The plaintiff claimed under a patent from the state, and the defendant claimed under a subsequent tax deed, which was held void. It was held that the patent to plaintiff was presumptive evidence of a sufficient title in the plaintiff to entitle him to recover against the defendant, who had no legal title to the land claimed. This judgment went upon the ground, as stated in the opinion by the chief justice, that "it is not indispensable that the plaintiffs should establish a perfect indefeasible estate in fee simple in themselves, in order to recover against one who has no legal right either of property or possession." We think the rule of that case has no application to the present case. The reasons why none but the true owner of the land ought to be allowed to recover, in an action for unlawfully taking the timber therefrom, has already been suggested. The defendant ought not to be sub-

jected to pay for the timber taken more than once; yet that might happen if the rule contended for should be adopted. The substantial difference between an action of ejectment and an action of trespass, as well as between a patent from the state, by the issuing of which the state asserts its ownership of the lands conveyed, and a mere tax deed issued by a county clerk, are too obvious to require specification or discussion. We have considered this point, and indeed the whole case, on the assumption that the tax deed to Putnam, under which the defendant claims, was successfully impeached and is void.

5. It was conclusively proved on the trial that the lands in question were assessed for taxation in 1868 as a part of the town of Jenny by the officers of that town; that they were not then, and never had been, a part thereof; and that (so far as appears) the authorities of that town had never before assumed to exercise any jurisdiction over such lands. Such being the facts, it results that the tax deed under which alone the plaintiff makes his title is void, and the plaintiff's claim of title fails.

The tax deed failing for that reason, the plaintiff cannot invoke the statute of limitations in its support. This was held in *Smith v. Sherry*, 54 Wis., 114. Nothing can profitably be added here to what is there said on the subject by Mr. Justice CASSODAY.

It follows from the foregoing views that the plaintiff entirely failed to prove a cause of action, and was therefore properly nonsuited.

*By the Court.*— Judgment affirmed.