MATILDA M. ROBERTS *vs.* FIRST NATIONAL BANK OF FARGO, *et al.*

Opinion filed August 9, 1899.

### Obligation of Contract—Tax Sale.

A purchase at a tax sale is a contract. It is made upon the statutory assurances then given to the purchaser, and no subsequent statute can sweep away these assurances without impairing the obligations of the contract.

### Tax Sale Certificate Not Conclusive Evidence of Jurisdictional Facts.

It is competent for the legislature to make a tax deed or tax sale certificate conclusive evidence of the due performance and regularity of all tax proceedings that are exclusively within legislative control, but not of such matters as are jurisdictional.

### Statute of Limitations Does Not Run Against Jurisdictional Defects in Tax Proceeding.

Where there are jurisdictional defects in a tax proceeding, the recording of a tax deed issued pursuant to a sale for such tax will not set the statute of limitation running in favor of the party claiming under such deed, and it is immaterial whether such facts appear on the face of the deed or aliunde.

### Sale of Part of Lot for Its Proportion of Tax—Void.

Where an entire lot in a city was assessed in solido for a lump sum, it was not competent for the treasurer to sell any portion of such lot for the tax on such portion. There was never any assessment of such portion, and such lack of assessment was a jurisdictional defect, and the legislature could not make the recitals in such deed conclusive evidence that there had been an assessment.

### Conclusiveness of Certain Recitals in Tax Deed.

But it was competent for the legislature to make the recitals in the deed conclusive as to the description of the land upon which the tax was delinquent, and as to the land sold, and, where the descriptions were unambiguous, it was not proper to consider evidence on these points dehors the deed.

### Assessments of Real Estate. Record.

It is competent for an assessor, in assessing real estate, to describe the same as the title appears of record. He is not required to search for unrecorded instruments, or to pass upon the validity of those on record, where they are not void on their face; and a city engineer, in making an assessment for paving purposes, may follow the same course, particularly where the assessment is in proportion to frontage, and not to valuation.

### Member of Council Interested in Contract with City—Effect.

A statute declared that no member of the city council should be interested in any contract entered into by the city. *Held*, that a violation of the provision would not defeat a tax levied for the purpose of making payments under the contract.

### Paving Assessment on Front Foot Plan—Legal.

Following Rolph v. City of Fargo, 7 N. D. 640, *held*, that a statute authorizing the assessment of a paving tax on the front-foot plan is not unconstitutional.

**Recovery of Legal Taxes Paid by Owner of Tax Title When Tax Deed Adjudged Void.**

> Where a sale of land for taxes is set aside as void, and the purchaser has paid subsequent taxes on the land, he is not entitled to a judgment against the fee owner for the amounts thus paid. His remedy to recover for valid taxes paid rests with the legislature, and under section 88, c. 126, Laws 1897, he has his remedy against the county, and the taxes stand as a lien upon the land. Chapter 132, Laws 1890, required real property to be assessed in the name of the owner, if known, and that real estate separately owned should be separately described. These requirements were mandatory and jurisdictional. Where, prior to the preparation of the real estate tax list a portion of a lot was transferred, and the conveyance duly placed on record, a subsequent assessment of the entire lot at a lump sum against the original owner was unauthorized and void; nor could the auditor in such case divide the valuation, and transfer portions thereof to the respective parts of the lot, under the provisions of section 92 of said chapter 132.
>
> Wallin, J., dissenting in part.

Appeal from District Court, Cass County; *Pollock,* J.

Action by Matilda Roberts against the First National Bank of Fargo and W. D. Hodgson to determine adverse claims to lot 20, block "G," of Charles Roberts' Addition to the City of Fargo. The defendants claim under certain tax sales and tax deeds. The First National Bank of Fargo claimed to own the south half of lot 20 under a sale based on the taxes for the year 1888, and the respondent, Hodgson, claimed the north half of said lot 20 under tax deeds based on sales for the years 1890, 1892 and 1893. The deed to the bank was recorded more than three years before the commencement of this action. The District Court held, that under said tax deeds the defendant bank was the owner of the south half of said lot 20, and that the defendant Hodgson was the owner of the north half thereof, and that the title of each therein should be quieted and confirmed. Plaintiff appealed.

Modified.

*J. E. Robinson,* for appellant.

The tax sales and all the assessments of the north half and the south half of lot 20, block "G," are void because said lot has no north half and no south half. It is not in the form of a parallelogram. It is bound on the north by a straight line and on the south by an irregular curved line, following the bed of a ravine, and it has never been subdivided. The sale under which the bank claims title was void for the reason that it was made for an excessive amount. In 1888 the total interest and penalty was $17.68 as charged against lot 20. The sale was for $19.06 as shown by the recitals in the deeds. A tax sale is void when made for a sum in excess of the legal taxes and charges. *Baker* v. *Supervisors,* 39 Wis. 447; *Milledge* v. *Coleman,* 47 Wis. 184; *Kimball* v. *Ballard,* 19 Wis. 634; *Barden* v. *Supervisors,* 33 Wis. 447; *Harper* v. *Rowe,* 53 Cal. 233; *Wills* v. *Austin,* 53 Cal. 152; *Treadwell* v.

*Patterson,* 51 Cal. 637; *Case* v. *Dean,* 16 Mich. 12; *Riverside* v. *Howell,* 113 Ill. 259; *Kemper* v. *McClelland,* 19 Ohio 308; *Gage* v. *Pumpelly,* 115 U. S. 454. The lot was assessed as one entire tract and valued at one lump sum, and there was no authority to sub-divide the lot and to sell it in fractional parts. *O'Neil* v. *Tyler,* 3 N. D. 47, 53 N. W. Rep. 434. A tax deed cannot be made con-clusive evidence of any essential requisite of the exercise of the taxing power, such as the assessment, levy, and sale. *McCready* v. *Sexton,* 29 Ia. 356, 385; Cooley on Taxation (2d Ed.) 555; Cooley's Cons. Lim. 447 and 449; *Groesbeck* v. *Seeley,* 13 Mich. 329, 342; *Baker* v. *Kelley,* 11 Minn. 480; Blackwell on Tax Titles, Chap. 39, Secs. 895 and 944; *Dingy* v. *Paxton,* 60 Miss. 1038; *Baldwin* v. *Mer-riam,* 16 Neb. 199; *Conway* v. *Cable,* 37 Ill. 82; *Waln* v. *Shearman,* 8 Serg. & R. 357; *Kipp* v. *Johnson,* 31 Minn. 360; *Farar* v. *Clark,* 85 Ind. 449; *Case* v. *Dean,* 16 Mich. 12; *Quinlan* v. *Rogers,* 12 Mich. 168. The provision of the Comp. Laws (Sec. 1640) that no action shall be commenced by the former owner of lands to recover the pos-session of land which has been sold and conveyed for the non-pay-ment of taxes unless the action is commenced within three years after the recording of the deed, would not apply as against tax deeds void upon their face. Section 1640, Compiled Laws, was repealed before this action was commenced, and after the expiration of three years from the record of one tax deed. This section (1640) of the Comp. Laws, merely took away or suspended certain remedies or forms of action but left the property rights of the parties unaffected. *Kipp* v. *Johnson,* 31 Minn. 360. This is a statutory proceeding for the determination of adverse claims. *Walton* v. *Perkins,* 28 Minn. 413. All that the complaint need allege is that defendant claims some estate or interest in or lien upon the land without showing that the claim is invalid or that the defendant does the plaintiff any wrong in making it. *Steele* v. *Fish,* 2 Minn. 129; *Hamilton* v. *Batlin,* 8 Minn. 359. The plaintiff having proved his possession or title, the burden shifts to defendant to prove his adverse claim. *Wilder* v. *St. Paul,* 12 Minn. 116. The object of the action is to force one claiming an adverse interest or lien to establish or abandon his claim. *Meighen* v. *Strong,* 6 Minn. 111. With respect to the claim of the defendant, the position of the parties is the reverse of that occupied by the parties in an ordinary action. The defendant becomes practically the plaintiff and takes the affirmative in pleading and proof. The action under the statute is to compel the defendant to tender issues unless he chooses to abandon them. *Meighen* v. *Strong,* 6 Minn. 111; *Eastman* v. *Linn,* 20 Minn. 387; *Bausman* v. *Faue,* 45 Minn. 412. The primary question in the case is not on the right of the plaintiff to maintain her suit, but on the right of the defendants to maintain it. The Statute of Limitations plead against appellant was repealed by the Revised Code before the respondent Hodgson obtained his tax deeds, while said statute pertains only to the remedy and rules of evidence in which no one has a vested right. Cooley's Const. Lim. (6th Ed.) 450.

*Newman, Spalding & Stambaugh,* for respondent.

The defendant bank claims the south half of lot 20 under a tax deed issued on a sale for delinquent taxes made in 1889, which deed was issued to O. P. Smith and was recorded February 8, 1892. Smith quit-claimed to the bank and this deed was recorded May 15, 1895. Plaintiff's title can not be quieted unless this deed is set aside. Her action, therefore, is one to avoid a tax deed. *Mead* v. *Nelson,* 52 Wis. 402. The tax sale was made under Sec. 1622, Comp. Laws. It is in the form provided by statute, executed under Sec. 7, Chap. 100, Laws 1891. This action is barred under Sec. 1640, Comp. Laws, under which the sale to Smith was made and the title under the tax deed became absolute three years after the record of such deed. *Pillow* v. *Roberts,* 13 How. U. S. 472; *Leffingwell* v. *Warren,* 2 Black U. S. 599; *Colter* v. *Stafford,* 48 Fed. Rep. 266; *Bardon* v. *Land Improvement Co.,* 157 U. S. 327; *Wickoff* v. *Miller,* 19 So. Rep. 478; *Woolfork* v. *Buckner* (Ark.) 29 S. W. Rep. 372; *Martin* v. *Garrett,* (Kas.) 30 Pac. Rep. 168; *Doudna* v. *Harlan,* (Kas.) 25 Pac. Rep. 883; *Maxson* v. *Huston,* 22 Kas. 448; *Smith* v. *Cleveland,* 17 Wis. 573; *Lord* v. *Milwaukee,* 15 Fed. Cases, 888, No. 8507; *Knox* v. *Cleveland,* 13 Wis. 274; *Dalrymple* v. *Milwaukee Ry. Co.,* 10 N. W. Rep. 141; *Mansean* v. *Edwards,* 10 N. W. Rep. 554; *Hiles* v. *La Flesch,* 18 N. W. Rep. 435; *Hotson* v. *Wetherby* (Wis.) 60 N. W. Rep. 423; *Dupen* v. *Wetherby* (Wis.) 48 N. W. Rep. 378; *Oconto Co.* v. *Jerrard* (Wis.) 50 N. W. Rep. 591; *Sherry* v. *Gillmore,* (Wis.) 17 N. W. Rep. 252; *Hazeltine* v. *Simpson* (Wis.) 17 N. W. Rep. 332; *Sprecher* v. *Wakeley,* 11 Wis. 451; *Edwards* v. *Sims* (Kas.) 19 Pac. Rep. 710; *Bronson* v. *St. Croix Lumber Co.,* 46 N. W. Rep. 570; *Thompson* v. *Brackinridge,* 14 Serg. & R. 346; *Frick* v. *Sterrett,* 4 Watts & Serg. 269; *Burd's Ex'rs,* 22 Pa. St. 219; *Fager* v. *Campbell,* 5 Watts 288; *Stewart* v. *Shoenfelt,* 13 Serg. & R. 360; *Strauch* v. *Shoemaker,* 1 Watts & Serg. 166; *Meldahl* v. *Dobbin,* 77 N. W. Rep. (N. D.) 280; *Jeffrey* v. *Brockaw,* 35 Ia. 505; *Thomas* v. *Stickle,* 32 Ia. 71; *Pierce* v. *Weare,* 41 Ia. 378; *Joslyn* v. *Rockwell,* 128 N. Y. 334; *People* v. *Turner,* 117 N. Y. 227; *Ensign* v. *Barse,* 107 N. Y. 329; *Ware* v. *Little,* 35 Ia. 234; *Sibley* v. *Bullis,* 40 Ia. 429; *Martin* v. *Cole,* 38 Ia. 141; *McCready* v. *Sexton,* 29 Ia. 356; *Clark* v. *Thompson,* 37 Ia. 536. Section 1640, Comp. Laws, is not repealed by the statute of 1890. The retroactive provisions contained in that statute are not indicated in its title, which only refers to the future assessment, levy, and collection of taxes. The title gives no indication of any change of the statute of limitations affecting prior actions. As to those it is unconstitutional. *Divet* v. *Richland County,* 8 N. D. 65, 76 N. W. Rep. 993. The provisions of Chapter 132, Laws 1890, are entirely prospective in their operation. *Wells County* v. *McHenry, et al.,* 7 N. D. 246, 74 N. W. Rep. 241. This section of the statute was repealed by the Revised Codes which went into effect January 1, 1896. The title under the tax deed became absolute prior to the repeal of the statute and could not be disturbed

by the repeal. The statute affects the title to the land and not simply the remedy. *Way* v. *Hooton,* 26 Atl. Rep. 784; *Bird* v. *Sellers,* 21 S. W. Rep. 91; *Cole* v. *Coon,* 12 So. Rep. 849; *Smith* v. *Cleveland,* 17 Wis. 573; *Knox* v. *Cleveland,* 13 Wis. 274; *Sprecker* v. *Wakeley,* 11. Wis. 451. Statutes of limitations with respect to real estate are statutes of repose and favored by the courts. *Lewis* v. *Marshall,* 5 Pet. 478; *Leffingwell* v. *Warren,* 2 Black 606; *Cheatham* v. *Young,* 18 S. E. Rep. 93; *Manufacturing Co.* v. *Brooks,* 11 S. E. Rep. 460. The respondent bank offered evidence for the purpose of showing the amount of tax charged against the land and paid by Smith. This was no waiver. *Bardon* v. *Implement Co.,* 157 U. S. 327; *Edwards* v. *Sims,* 19 Pac. Rep. 710. The object of this proof was to afford a basis for judgment under section 1643, Comp. Laws. The possession of unoccupied land follows the tax deed. *Gunnison* v. *Hoehne,* 18 Wis. 283; *Dean* v. *Early,* 15 Wis. 109; *Whitney* v. *Marshall,* 17 Wis. 180; *Knox* v. *Cleveland,* 13 Wis. 274; *Lawrence* v. *Kenney,* 32 Wis. 281; *Bardon* v. *Implement Co.,* 157 U. S. 327. Were this an action to recover possession appellant would be barred by the statute. *Doudna* v. *Harlan,* 25 Pac. Rep. 888; *Martin* v. *Garrett,* 30 Pac. Rep. 168; *Hiles* v. *La Flesch,* 18 N. W. Rep. 435; *Oconto* v. *Jerrard,* 50 N. W. Rep. 591; *Sherry* v. *Gilmore,* 17 N. W. Rep. 252; *Hazeltine* v. *Simpson,* 17 N. W. Rep. 332; *Edwards* v. *Sims,* 19 Pac. Rep. 710; *Coulter* v. *Stafford,* 48 Fed. Rep. 266. The respondent Hodgson claims title to the north half of the lot by virtue of tax deeds on sales of 1890, 1802, 1803 and 1894. The last three deeds were made for sales under the revenue law, Chapter 132, Laws 1890. The deeds were under the provisions of section 92, Chapter 126, Laws 1897. All other statutes with reference to the execution and delivery of deeds upon sales made prior to the year 1897 are repealed by Section 110 of Chapter 126, Laws 1897, leaving Section 92 the only authority for the issuance of deeds upon such sales. The question arising upon this branch of the case is as to the validity of Section 92, Chapter 126, Laws 1897, under the constitution of the state and under the constitution of the United States. The legislature has power to foreclose inquiry and make the sale certificate or deed absolute, except as to judicial questions. Judicial questions are held to be: First, the taxability of land; second, the non-payment of taxes; third, the non-redemption of the land. *De Traville* v. *Smalls,* 98 U. S. 522; *Smith* v. *Cleveland,* 17 Wis. 573; *Bardon* v. *Implement Co.,* 157 U. S. 327; *Knox* v. *Cleveland,* 13 Wis. 274; *Oconto* v. *Jerrard,* 50 N. W. Rep. 594; *Lord* v. *Railway Co.,* 15 Fed. Cases, 888; *Doudna* v. *Harlan,* 25 Pac. Rep. 883; *Edwards* v. *Sims,* 19 Pac. Rep. 710; *Mason* v. *Heuston,* 22 Kas. 643; *Ware* v. *Little,* 35 Ia. 234. The legislature may make the tax deed conclusive evidence of compliance with every requirement the legislature might originally, in the exercise of its discretion, have dispensed with. Black on Tax Titles, Sec. 452; Cooley on Taxation, 229; *De Traville* v. *Smalls,* 98 U. S. 525;

*Ensign* v. *Barse,* 107 N. Y. 337. Hodgson's deed can only be set aside upon proof of one or more of the four facts permitted by Sec. 72, Ch. 132, Laws 1890, provided all other judicial facts exist. *Shattuck* v. *Smith,* 6 N. D. 73; *Spalding* v. *O'Connor,* 77 N. W. Rep. 323. Under this section all inquiry as to other facts is foreclosed and the state guarantees to the purchaser that his purchase shall not be assailed except for one of the reasons stated. The provision becomes a part of the contract of sale and can not be changed or repealed by the legislature. *Doudna* v. *Harlan,* 25 Pac. Rep. 883; *Martin* v. *Garrett,* 30 Pac. Rep. 168; *Hiles* v. *La Flesch,* 18 N. W. Rep. 435; *Oconto* v. *Jerrard,* 50 N. W. Rep. 594; *Sherry* v. *Gilmore,* 17 N. W. Rep. 252; *Hazeltine* v. *Simpson,* 17 N. W. Rep. 332. This is an equity case and governed by the principles announced in *Farrington* v. *Investment Co.,* 1 N. D. 102; *Shattuck* v. *Smith,* 6 N. D. 61.

BARTHOLOMEW, C. J.   Plaintiff brought this action under section 5904, Rev. Codes, to determine adverse claims to lot 20, block G, of Charles Roberts' addition to Fargo. The action was begun August 25, 1898. Plaintiff avers in her complaint that she is the owner in fee of said lot; that the defendants wrongfully claim some title or interest therein under certain tax sales and tax deeds. The defendants answered separately. The defendant bank alleged ownership in fee in itself of the south half of said lot by virtue of a tax deed issued upon a sale of the same for the taxes of 1888. It also set up a lien by virtue of a purchase from the city for a paving tax levied thereon. The defendant Hodgson claimed title to the north half of said lot by virtue of tax deeds on sales thereof for the taxes of 1889, 1890, 1892, and 1893. There was a reply setting forth matters intended to avoid the tax deeds. The trial court sustained those deeds as to each defendant, and the plaintiff appeals and demands a retrial of all the issues in this Court. As the defenses are entirely separate, we shall first consider that made by the bank.

In 1889 one O. P. Smith purchased the south half of said lot 20 at the regular tax sale for the delinquent taxes of 1888, and received the usual certificate of sale. A tax deed was regularly issued to him upon said certificate on January 15, 1892, and the same was duly recorded on February 8, 1892. On May 13, 1895, O. P. Smith, by quit-claim deed, conveyed the property to the defendant bank. It is urged by the bank that plaintiff cannot now avoid the tax deed issued to Smith. At the time of the sale in 1889, section 1640, Comp. Laws, was in force. It reads: "No action shall be commenced by the former owner or owners of lands, or by any person claiming under him or them, to recover possession of land which has been sold and conveyed by deed for non-payment of taxes, or to avoid such deed, unless such action shall be commenced within three years after the recording of such deed." This section was re-enacted verbatim by section 1269, Rev. Codes 1895, but was properly, and in express terms, repealed by section 110, Ch. 126, Laws 1897,

which went into effect March 8th of that year. This action was commenced thereafter. It will be noted that the three years limitation fixed by the former statute had fully run before that statute was repealed and before this action was brought. Plaintiff concedes that if, at the time of the repeal of that act, the defendant bank had any vested rights of property in the land claimed by it, such rights would not be affected by the repeal. But it is urged by appellant that that statute of limitations never began to run in favor of said deed by reason of certain jurisdictional defects. Section 1639, Comp. Laws, which was in force when the tax sale was made upon which the tax deed rests, reads as follows: "Such deed shall be executed by the county treasurer under his hand, and the execution thereof shall be attested by the county clerk with the county seal, and such deed shall be conclusive evidence of the truth of all the facts therein recited, and prima facie evidence of the regularity of all the proceedings from the valuation of the land by the assessor up to the execution of the deed." This statute entered into the contract of purchase, and became a part thereof. In Cooley, Tax'n, 545, it is said: "Now, the purchase at a tax sale is clearly a contract. It is made under the law as it then exists, and upon the terms prescribed by the law. No subsequent statute can import new terms into the contract, or add to those before expressed. If it could be changed in one particular, it could be in all; if subject to legislative control at all, it is wholly at the legislative mercy." See *Morgan* v. *Commissioners*, 27 Kan. 89; *Forqueran* v. *Donnally*, 7 W. Va. 114; *Merrill* v. *Dearing*, 32 Minn. 479, 21 N. W. Rep. 721; *Robinson* v. *Howe*, 13 Wis. 341. The defendant bank is, therefore, entitled to the full benefit of that provision so far as it is competent legislation, but it is likewise bound by it if it operate to its disadvantage. In the tax deed introduced by said defendant it is recited, in effect, that defendant's grantor, O. P. Smith, purchased the south half of said lot 20 at the tax sale in 1889 for the delinquent taxes thereon for the year 1888. It is not said that he purchased said south half for the delinquent taxes upon the entire lot, but upon the south half of the lot. Such being the recital in the deed, it was competent for the legislature to declare the same conclusive as to the fact. Appellant introduced in evidence the tax list for the year 1888, and that shows that the entire lot 20 in said block G was assessed to the appellant in that year at one lump sum, and it is undisputed that she was at that time the owner of the entire lot. No valuation had ever been placed upon the south half of the lot by the assessor. In other words, it had never been assessed, and there could be no delinquent tax against such tract. No officer had any authority to subdivide lot 20, and say that any portion of the tax thereon, or even all the tax thereon should be charged to a specific portion of the lot. In *O'Neil* v. *Tyler*, 3 N. D. 47, 53 N. W. Rep. 434, this Court held that, where two lots belonging to one person had been assessed at a lump sum, the treasurer could not sell one lot for a moiety of the tax arising on such lump valuation. The principle of

that case is exactly applicable here, and it is well fortified in the books. See authorities cited on page 52. We cannot escape the conclusion, on the undisputed testimony, that the south half of lot 20 was not assessed for taxation in the year 1888. But the tax deed under which the defendant bank claims recites that said tract "had been duly assessed," and the statute already quoted declares that the "deed shall be conclusive evidence of the truth of all the facts therein recited." Could the legislature thus foreclose that question as against the appellant? We think not. An assessment is in the broadest sense a jurisdictional requirement. It is the ground-work of all subsequent tax proceedings. Without it, no taxing officer has jurisdiction to proceed further. The legislature cannot dispense with it, or fix its basis. These matters are grounded in the constitution. Its absence is not a mere irregularity. It is not a measure that the legislature can control, excuse, or cure. As to such matters the legislature may make the tax deed conclusive evidence of their performance, but it may not make it conclusive as to any jurisdictional matter. *Raley* v. *Guinn,* 76 Mo. 263; *Abbott* v. *Lindenbower,* 42 Mo. 162; *Griffin* v. *Dogan,* 48 Miss. 11; *Bell* v. *Coats,* 54 Miss. 539; *Virden* v. *Bowers,* 55 Miss. 1; *Martin* v. *Cole,* 38 Ia. 141; *Immegart* v. *Gorgas,* 41 Ia. 439; *In re Douglass* (La.) 6 So. Rep. 675; *Callanan* v. *Hurley,* 93 U. S. 387; *Morrill* v. *Douglass,* 17 Kan. 291; *Ensign* v. *Barse,* 107 N. Y. 329, 14 N. E. Rep. 400, and 15 N. E. Rep. 401; *Bannon* v. *Barnes,* 39 Fed. Rep. 892; Black, Tax Titles, § 432; Cooley, Const. Lim. (5th Ed.) top page 458; *Smith* v. *Cleveland,* 17 Wis. 565; *Brown* v. *Slauson,* 23 Wis. 245; *Railroad Co.* v. *Snyder,* 18 Ohio St. 406.

It being regarded as established that the south half of said lot 20 was not assessed for taxation for the year 1888, could the tax deed issued upon a sale of said tract for the taxes of said year set the statute of limitations running? There may not be entire uniformity in the decisions upon this point. We think on principle the interrogatory should be answered in the negative. There being no assessment, the treasurer was without jurisdiction to make a sale or issue a deed. As to such acts he was a private citizen. The deed conveyed nothing in fact. It was void. The decided weight of authority is in favor of this position. *Nichols* v. *McGlathery,* 43 Ia. 189; *Burke* v. *Cutler,* 78 Ia. 299, 43 N. W. Rep. 204; *Townsend* v. *Edwards* (Fla.) 6 South. Rep. 212; *Sloan* v. *Sloan,* (Fla.) 5 South. Rep. 603; *Hurd* v. *Brisner,* 3 Wash. St. 1, 28 Pac. Rep. 371; *Davenport* v. *Knox,* 34 La. Ann. 407; *Bird* v. *Benlisa,* 142 U. S. 664, 12 Sup. Ct. 323; *Smith* v. *Sherry,* 54 Wis. 115, 11 N. W. Rep. 465; *Wadleigh* v. *Bank,* 58 Wis. 546, 17 N. W. Rep. 314; *Gould* v. *Sullivan,* 84 Wis. 659, 54 N. W. Rep. 1013; *Case* v. *Albee,* 28 Ia. 277; *Powers* v. *Fuller,* 30 Ia. 476; *Wilson* v. *Crafts,* 56 Ia. 450, 9 N. W. 333; *Sheehy* v. *Hinds,* 27 Minn. 259, 6 N. W. Rep. 781; Black, Tax Titles, § 498. An examination of the cases cited will disclose that, while they do not all relate to want of assessment, they do relate to some matter

that was held jurisdictional to the right to issue a tax deed, and in each case it was held that, where such defect existed, the statute of limitations was not set in motion. The jurisdictional defects will be found to include the non-taxability of the property, the absence of any assessment, the absence of any levy, the fact of payment, the absence of any tax sale, and the fact of lawful redemption. To these must be added all cases where the tax deed is void upon its face. *Hegar* v. *De Groat,* 3 N. D. 354, 56 N. W. Rep. 150, and cases cited. It was not the intention of this Court to decide anything contrary to the views above expressed in *Meldahl* v. *Dobbin,* 8 N. D. 115, 77 N. W. Rep. 280. The trial court found that the sale of this south half of said lot was in fact made for the taxes upon the entire lot, and there are many circumstances dehors the deed which lead us to think that such was the fact. In such case the sale was valid, as we hold, notwithstanding the configuration of the lot, that it could properly be divided into south half and north half. But we deem the recital in the deed conclusive upon the respondent bank of the fact that the sale was made for the taxes assessed against and delinquent upon the south half of said lot. Still we are unable to perceive how the other holding could aid respondent. If it be true that the sale was for the taxes upon the entire lot, yet no deed has ever issued pursuant to such sale. The deed that did issue did not conform to any such sale, and cannot avail respondent as a defense in this action.

The respondent bank also pleads a purchase of said south half under a sale thereof by the City of Fargo for a paving tax assessed in 1896, the sale being made in March, 1897, and a certificate in due form issued to the respondent bank. Section 2300, Rev. Codes, makes such certificate presumptive evidence of the regularity of all prior proceedings. The respondent bank introduced such certificate. Appellant makes three objections to this certificate. First, she claims—and introduced evidence on the point—that one of the city aldermen was interested in the paving contract under which this tax was assessed. Granting this to be true, it probably subjected such alderman to removal, under section 2136, Id.; but counsel cites no authority, nor do we know of any, holding that such fact invalidated the tax. We think it has no such effect. Counsel also claims that this paving law, under which assessments were made upon the front-foot plan, is unconstitutional, as depriving a person of his property without due process of law. In *Rolph* v. *City of Fargo,* 7 N. D. 640, 76 N. W. Rep. 242, this Court recently and upon full investigation held the contrary. Lastly, counsel urges certain irregularities, but he introduced no evidence whatever relating thereto to overcome the presumption of regularity raised by the statute by the issuance of the tax sale certificate. It is true that the fee title to the entire lot was in appellant, and the pavement assessment was against the south half of the lot. Ordinarily, a single lot, owned by one party, should be assessed as a unit. Black, Tax Titles, § 102 et seq. There was, however, at this time, a tax

deed on record conveying the south half of said lot to the grantor of the respondent bank, and an assessor is always permitted to follow the record title in making assessments, and is not required to pass upon the sufficiency or legality of such title. Id. 107. We may remark, also, that this rule requiring each lot to be assessed as a unit applies to assessments by valuation, and none of the reasons upon which it is based would apply to an assessment made directly against the tract on the basis of its frontage, without regard to valuation. We do not think this sale for pavement tax has been in any manner impeached. But this certificate did not vest title to the tract in respondent bank. It gave simply a lien,—a lien, it is true, superior to all liens that had been or might be placed thereon by the owner, but yet only a lien. Cooley, Tax'n, 511; Desty, Tax'n, 853; Black, Tax Titles, § 422. It is such a lien, however, as may be litigated in this action under the express terms of section 79, Ch. 126, Laws 1897, under which this action was brought. It follows from these views that appellant holds the legal title to said south half of said lot subject to the claim of the respondent bank under and by virtue of the sale for the delinquent pavement tax.

Nor do we think the respondent bank entitled to any judgment against appellant for any taxes paid by O. P. Smith or by said respondent upon said south half after the purchase thereof at tax sale in 1889. Smith has assigned all his claims therefor to respondent. Under sections 1640, 1643, Comp. Laws 1887, and section 1273, Rev. Codes 1895, such judgments were permissible under certain circumstances. We discussed these provisions somewhat in *Power v. Larabee,* 2 N. D. 141, 151, 49 N. W. Rep. 724, and *O'Neil v. Tyler,* 3 N. D. 47, 53 N. W. Rep. 434. But, in so far as those statutes related to the remedy of the party who had paid subsequent taxes, they were entirely within legislative control, and have been superseded by section 88, Laws 1897. Under that section, where a sale of lands for taxes is adjudged to be void, but subsequent taxes have been paid by the purchaser, such party is in all cases relegated to his remedy against the county, and the taxes stand as a lien against the land, and the land must be sold therefor at the next ensuing tax sale.

We now proceed to consider the defense made by the respondent Hodgson. He claims title to the north half of said lot by virtue of several tax deeds. All the tax sales under which he claims, were made under the revenue law of 1890. In each of the years wherein it is claimed the taxes were delinquent said lot 20 had been assessed by the assessor as an entirety, and as the property of this appellant, while respondent Hodgson's tax deeds are each for the north half of said lot, and based upon a sale of the north half for the taxes thereon. His first deed is dated June 16, 1895, and is based upon the sale in 1890 for the delinquent taxes of 1889. This deed is concededly void, and need not be further noticed. His second deed

is dated January 20, 1899, and is based upon the tax sale of 1891 for the delinquent taxes of 1890. While this deed purports to convey the north half of said lot, the certificate of sale upon which it was based, and which was introduced in evidence, shows a sale in 1891 of the undivided half of said lot for the taxes delinquent thereon for 1890. Such a certificate cannot support a deed for the north half of the lot. No authorities are needed upon such a proposition. It does not appear that the said north half was sold in 1892 for the taxes of 1891. But respondent Hodgson holds two other tax deeds thereon, each dated January 20, 1899; one based upon a sale in 1893 for the delinquent taxes of 1892, and the other based upon a sale in 1894 for the delinquent taxes of 1893. As already stated, for each of said years the said lot 20 was assessed as an entirety, and as the property of appellant. The statute then in force (sections 6, 32, Ch. 132, Laws 1890) required real estate to be assessed in even numbered years and in the months of May and June, consequently this assessment must have been made in May and June, 1892. Said section 32 required the assessor to assess "each tract or lot of real property listed for taxation," while section 29 required the auditor to furnish the proper assessment books at the expense of the county, and to "make out in the real property assessment book complete lists of all lands or lots subject to taxation, showing the names of owners if to him known, and, if unknown, so state it, the number of acres, and the lots or parts of lots or blocks included in each description of property." This book was to be ready for the assessor on the last Saturday in March preceding the assessment. It is clear that the statute required the land to be assessed in the name of the owner, if known. Such statutes are mandatory, and a compliance therewith is jurisdictional. Black, Tax Titles, § 105. It is also apparent that it required each tract separately owned to be separately described and assessed. This, too, is imperative. Id. § § 102, 112, and authorities cited. As we have seen, in February preceding this assessment and preceding the preparation of the real estate list a tax deed to the south half of said lot in favor of O. P. Smith was duly recorded. If we assume —which is probably correct—that in making up this real estate list the auditor was without authority to pass upon the validity or invalidity of the deed to Smith, and that it was his duty to enter separately each description of land owned by separate owners as the same appeared of record, then it is clear that he did not perform that duty, and the assessor was never authorized to assess, and never did assess, the north half of said lot. True, section 92 of said chapter 132 provides for certain cases where an entire valuation may be divided, and portions thereof transferred to different parts of the tract originally assessed in solido. But, as we construe the section, it applies only to cases where, after the tax list has been delivered to the assessor, and before the tax becomes a lien, a portion of an entire tract is transferred. The parties in interest may then appear before the auditor, and agree upon the portion of the valuation

that may be transferred to the portions of the tract owned by each, or, if they fail to agree, the auditor may make such transfer as may be just. But that section does not apply where the separate ownership of the separate parties appeared of record when the list was prepared. But we have held the deed to Smith void. If we assume that the auditor, from the records of his office, reached the same conclusion, and properly listed the entire lot as the property of the appellant, still respondent Hodgson's deed must fall for the same reason that compelled us to hold the deed to Smith to be void. They recite a sale of the north half of said lot for the taxes delinquent upon such half, while in fact such half had never been assessed as an entity, and there could be no delinquent tax against it. In no view of the case can we support these deeds. The District Court is directed to enter a decree in this case canceling and annulling the tax deeds hereinbefore mentioned, and confirming the title of appellant to the south half of said lot 20 as against the respondent bank, save and except as to the claim of said respondent under the certificate of sale for delinquent pavement tax as hereinbefore set forth, and confirming the title of appellant to the north half of said lot absolutely as against the claims of respondent Hodgson under the tax deeds heretofore mentioned. Appellant will recover no costs against the respondent bank, nor will said respondent recover any costs. Appellant will recover costs against respondent Hodgson.

Modified.

YOUNG, J., concurs.

WALLIN, J. I concur in the conclusion and in the reasoning of the Chief Justice, as stated in the opinion of the Court, except that, in my opinion, the language of section 92, Ch. 132, Laws 1890, has no application to a case of an involuntary transfer of title to real estate by a tax proceeding. In my judgment, section 92 has reference only to such transfers as are made by agreement of parties.

Rehearing denied September 11, 1899.

(79 N. W. Rep. 1049.)