WARREN T. HERRICK *vs.* REMI MAROTTE, impleaded, etc.

January 11, 1883.

**Motion to Vacate Judgment—Appeal—Order Allowing Retaxation of Costs but Denying Other Relief.**—In an action involving the title to several distinct tracts of land owned in severalty by different defendants, M. answered separately as to one parcel, and also jointly with V. as to another. Upon the trial, judgment of dismissal was ordered as to all of the defendants, and thereupon separate judgments were entered in favor of M., and also of. M. and V., with costs against plaintiff, taxed without notice. Thereafter the court, on plaintiff's motion to set aside the judgment in favor of M., vacated the allowance of costs therein, with leave to retax the same upon due notice, but denied further relief. Upon appeal from such order, *held*, that the decision allowing a retaxation of the costs is not appealable, and that, since the action appears to have been rightly dismissed, the plaintiff was not aggrieved by the refusal of the court to set aside the judgment of dismissal also; that plaintiff's remedy is by the proper appeal, after the allowance of costs in the judgment upon retaxation.

Action to quiet title, brought in the district court for Morrison county. The facts in this case are similar to those of the last preceding case, *Herrick* v. *Butler*, excepting that, in this action, the defendants answered separately, and, upon dismissal, entered separate judgments. The order appealed from in *Herrick* v. *Butler* was also made in this action and is appealed from by plaintiff.

*Savage & Woodman*, for appellant.

*Taylor & Taylor*, for respondent.

VANDERBURGH, J.* The files and papers in this case appear to have been left in a loose and confused state. The judgment-roll was imperfect, and only a part of the record which was used on the motion to set aside the judgments was embraced in the original return made to this court upon this appeal. The additional return which was allowed in this case was therefore proper, and we think, upon the showing made by the respondent upon appellant's motion to

*Gilfillan, C. J., because of illness, took no part in this case.

strike it out, that such motion should be denied, and the additional return be permitted to stand.

Judgment of dismissal was entered upon the direction of the referee in the action, and for costs against the plaintiff, which were taxed without notice. It appears from the record that two judgments were in form entered herein,—one in favor of defendant Marotte severally, and one in favor of defendants Marotte and Vasaly, jointly, each with costs. The action was brought to quiet the title of different lots of land, in which a large number of defendants were alleged to claim some adverse estate or interest, ,which interest, it seems, however, was separate and distinct in the several lots or parcels. Defendant Marotte answered separately, setting up title to one of the lots, and also answered jointly with defendant Vasaly. The plaintiff moved to set aside one of these judgments for irregularity, *inter alia*, on the ground that but one judgment should have been entered. The court denied the motion to set aside the judgments entirely, but vacated and set aside the taxation and allowance of costs therein in all of the judgments, but with leave to the defendants to retax their costs upon notice. From so much of the order as denies plaintiff's application to set aside the several judgment against defendant Marotte, and as allows a retaxation of costs, he appeals to this court.

The judgment in favor of defendants Marotte and Vasaly is entered upon their joint answer, (as it appears from the record,) which, it may be fairly presumed, concerns other property and interests, and raises a different issue from that raised by the separate answer of Marotte, the same attorneys appearing for both defendants in each answer. It is clear, we think, that one judgment of dismissal would be sufficient for the common relief of all the defendants, unless they are entitled to separate bills of costs. But apart from the consideration of the question of costs, it is not a matter affecting any substantial right whether the judgment of dismissal is a common judgment or in severalty in such an action. The action is ended in either case, save as to the adjudication upon the question of costs, and the plaintiff is not aggrieved by the manner in which the formal entry of judgment was made. The separate judgment in Marotte's favor can harm no one until costs are allowed and included in it. We are not,

therefore, called on to disturb the order of the court refusing to set aside the judgments.

We cannot consider the question of costs on this appeal. The decision of the judge allowing a retaxation is not appealable. What is said in the case of *Herrick* v. *Butler, ante,* p. 156, on this and other questions raised on this appeal, apply equally to the facts of this case.

Order affirmed.