REBECCA E. MYRICK *vs.* JOSEPH COURSALLE and others.

June 9, 1884.

**Adverse Claims to Vacant Land—Plaintiff's Title to be Proved.**—In the action given by the statute for the determination of adverse claims to "vacant and unoccupied" land, the plaintiff must allege in his complaint, and in case of contest show upon the trial, some title to the land.

**Same—Plaintiff not Prejudiced by Judgment.**—When the plaintiff fails in such action to show title, he is not prejudiced by a judgment, whether regular or not, adjudging title in the defendants.

**Same—Finding of Guardian's Sale Insufficient.**—A finding that a guardian of certain minors, having been licensed to sell certain lands by a probate court, "did sell" the same to the plaintiff, is not a finding of any title in the plaintiff.

Action under Gen. St. 1878, *c.* 75, § 2, to determine adverse claims to vacant and unoccupied real property, the defendants, in their several answers, denying plaintiff's title, and each alleging title in himself to a part of the land; the defendant Engerud asking judgment that plaintiff take nothing by the action, and for costs; and the defendant Matilda Shillock asking judgment that plaintiff have no interest in the property, that her title be confirmed as against plaintiff, and for general relief. The action was sent to a referee to report the facts, and was thereafter heard in the district court for Otter Tail county, before *McKelvy,* J., who held that plaintiff had no interest in the property, and that the defendants named were the owners in fee of the parcels claimed by them respectively. Judgment was entered accordingly, and the plaintiff appealed.

*C. D. Kerr* and *Tyler & Lewis,* for appellant.

Defendant Engerud not asking affirmative relief, it was error to give him such in the judgment. *Castner* v. *Gunther,* 6 Minn. 63, (119.) Defendant Matilda Shillock alleges a counterclaim, and the question to be tried, so far as she was concerned, was the validity of her title. She must stand or fall on the strength of her own title, and not on the weakness of her adversary's. Moreover, she must set out fully the nature and character of her adverse claim. *Walton* v. *Perkins,* 28

Minn. 413; *Eastman* v. *Linn*, 20 Minn. 387, (433;) *Barber* v. *Evans*, 27 Minn. 92; *Hooper* v. *Henry*, 31 Minn. 264.

(Counsel also argued that upon the facts found defendants had no title.)

*E. E. Corliss* and *Howe Paige*, for respondents.

BERRY, J. In the action given by the statute for the determination of adverse claims to "vacant and unoccupied" land, the plaintiff must allege in his complaint, and in case of contest show upon the trial, some title to the land; otherwise he does not put himself in a position to attack any claim of any other person to the same. *Walton* v. *Perkins*, 28 Minn. 413. In the present action, which is of the description mentioned, the only finding in reference to any title of plaintiff is that a guardian of certain minors, "having been licensed to sell all the land in dispute in this case" by a probate court, etc., "did sell to the plaintiff * * * all the lands described in the pleadings." It does not appear that plaintiff paid anything upon the purchase, or that the sale was legal, or that it was confirmed, or that any guardian's deed was executed. It follows that there is not only a failure to show the title in fee-simple which plaintiff pleads in her complaint, but an utter failure to show any title or interest whatever, legal or equitable. *Her* action, therefore, fails as a matter of course. Such being the case, we are unable to perceive how she is prejudiced by the judgment (whether regular or not) which declares the defendant Matilda Shillock owner in fee of a part of the property in dispute, and Engerud owner in fee of the remainder. So long as plaintiff has no interest in the property, who is adjudged to be its owner is of no importance to her in this action. See *Herrick* v. *Marotte*, 30 Minn. 159. These conclusions render it unnecessary to go further.

Judgment affirmed.