NATHAN HERRICK *vs.* ORLANDO A. CHURCHILL and another.

June 25, 1886.

**Adverse Claims—Unoccupied Land—Proof required of Plaintiff.**—In an action under Gen. St. c. 75, § 2, to determine an adverse claim to vacant or unoccupied real estate, the plaintiff must allege in his complaint, and, if denied, show upon the trial, some title to, or interest in, the land; otherwise he has no standing in court to enable him to recover against a person making an adverse claim to the property.

Appeal by plaintiff from a judgment of the district court for Morrison county, entered upon the report of a referee.

*Edward Savage,* for appellant.

*Oscar Taylor,* for respondents.

MITCHELL, J. Action to determine an adverse claim to vacant or unoccupied real estate, brought under the second clause of Gen. St. 1878, *c.* 75, § 2, which reads: "And any person having or *claiming* title to vacant or unoccupied real estate may bring an action against any person claiming an estate or interest therein adverse to him, for the purpose of determining such adverse claim, and the rights of the parties respectively."

The complaint alleges that the plaintiff "*claims* title in fee-simple," but contains no allegation that he has, in fact, any title to, or interest in, the premises. The answer admits that plaintiff "claims title," but alleges, as we construe the pleading, that he has no title or interest in the premises; and then sets up, or attempts to set up, title in the defendants. Upon the trial plaintiff rested, without offering any evidence, whereupon the referee, on motion of defendant, dismissed the action. This is assigned as error.

The contention of plaintiff, plainly stated, is that, under the literal wording of this statute, any person who says that he *claims* title, without either alleging or proving that he has in fact any title to, or interest in, the real estate, may maintain an action against any other person who claims an interest in it, and compel him to prove his title, or be adjudged to have none. If the statute means this, it certainly establishes a most unreasonable and anomalous rule. We think it was never before heard of, in judicial proceedings, that one person, who has no interest whatever in property, may maintain an action against another who claims some interest in it, and compel him to prove the validity of his claim. We do not think the statute was intended to establish any such rule. Under the first clause of the section the plaintiff's possession alone gives him a standing in court, and entitles him to maintain an action against an adverse claimant; for possession is title, and is good title, against all the world, except those who can show a better one. In such an action the plaintiff must allege, and, if denied, must prove, at least, his possession; and in order to maintain an action under the second clause of the section, in the case of vacant or unoccupied land, the plaintiff must allege,

and, if denied, prove, some title or interest in himself. He must "claim" title in his complaint, and this he must do by alleging title. As was said in *Myrick* v. *Coursalle*, 32 Minn. 153, (19 N. W. Rep. 736:) "The plaintiff must allege in his complaint, and, in case of contest, show upon the trial, some title to the land; otherwise he does not put himself in a position to attack the claim of any other person to the same."

Judgment affirmed.