ALBERT T. JELLISON *vs.* THOMAS HALLORAN.

May 20, 1889.

**Pleading—Qualified General Denial.**—A general denial in an answer of all the allegations of a complaint, "except that which is hereinafter admitted, specifically denied, or qualified," is effectual as a denial, if there is no uncertainty as to what is specially pleaded.

**Adverse Claims—Requisites of Statutory Action.**—One having no property interest in real estate, and who is not in possession, is not entitled to maintain an action under the statute to determine a claim of title asserted by another.

**Same—Answer held Sufficient.**—In such an action, the answer putting in issue the asserted title of the plaintiff, and alleging the defendant to be in actual possession of the land, it was error to allow judgment for the plaintiff on the pleadings alone, even though the answer failed to allege title in the defendant.

Appeal by defendant from a judgment of the district court for Hennepin county, *Baxter*, J., presiding, (acting for a judge of the fourth district.)

*R. C. Benton* and *S. A. Reed*, for appellant.

*J. M. Shaw, F. H. Boardman*, and *Wm. A. Lancaster*, for respondent.

DICKINSON, J.[1]   This is an action under the statute to determine adverse claims to real estate, the complaint alleging title in the plaintiff, and that the land is vacant and unoccupied.   At the trial of the cause the court granted a motion, made on the part of the plaintiff, for judgment on the pleadings.   This appeal is from the judgment so allowed.

It becomes necessary to consider the effect of the answer.   The answer embraces a general denial of each and every allegation of the complaint, "except that which is hereinafter expressly admitted, specifically denied, or qualified."   It then admits the defendant's claim of an estate adverse to the claim of the plaintiff, and alleges that the defendant is the owner of the land, and in possession of it, and that he has been such owner and in possession since August, 1870. Then "for further answer" the defendant sets forth particularly a series of facts upon which a claim of title is based.   The facts thus alleged may be briefly stated to be:  The giving of a mortgage upon the premises by the former owner (Brown) in 1867;  the death of Brown in January, 1868, and the appointment of an administrator of the estate;  an action by the mortgagee to foreclose the mortgage, in which the administrator was made defendant;  the filing of notice of *lis pendens;*  a judgment for the sale of the mortgaged premises to pay the debt;  a sale to the mortgagee pursuant to the judgment;  confirmation of the sale;  the fact that no redemption was made;  a final decree of foreclosure;  conveyance by the mortgagee by deed to the defendant, and a transfer of the rights of the grantor as mortgagee;  possession by the defendant under such conveyance continued to the present time,—more than 15 years;  that there has never been any attempt to redeem, and  that the right of redemption has become barred by lapse of time.   The payment of taxes by the defendant to the amount of $1,500 is also alleged.   No affirmative relief is demanded.

The plaintiff contends that this answer should not be construed as putting in issue his asserted title in any other manner than by opposing to it the defendant's answer of title in himself; and that being

[1] Gilfillan, C. J., because of illness, did not hear the argument, nor did he take part in this decision.

claimed to be upon its face insufficient, it is urged that the plaintiff's title stands admitted. We, however, construe that part of the answer in the nature of a general denial as an unqualified denial of the plaintiff's title. A denial in this form is sufficient as a general denial of all allegations as to which no other answer is made; but, obviously, there should be no ambiguity as to what is elsewhere "admitted, denied, or qualified." *Kingsley* v. *Gilman*, 12 Minn. 425, (515;) *Griffin* v. *Long Island R. Co.*, 101 N. Y. 348, (4 N. E. Rep. 740.) The defendant was called upon to answer to the averments of the complaint setting forth (1) title in the plaintiff; (2) that the premises were vacant and unoccupied; (3) that the defendant claimed adversely an estate or interest therein; and the defendant was required, from the nature of the action, to assert his adverse claim, if he made any. In specifically alleging in the answer that the defendant was in the actual possession of the premises, thus putting in issue the averment that the land was vacant, admitting that the defendant claims an estate adverse to the claim of the plaintiff, alleging himself to be the owner of the property, and setting forth particularly the source of his title, we discover nothing which should be deemed to qualify the effect of the general denial as putting in issue the plaintiff's averment of title in himself. The fact, if it be so, that the answer is insufficient as a pleading to show title in the defendant, would not justify construing the answer as, in effect, admitting the plaintiff's title, and relinquishing the rights which the defendant had by reason of his asserted possession.

Whether the answer sufficiently pleaded title in the defendant or not, it was error to allow judgment in favor of the plaintiff upon the pleadings, since the answer denied the plaintiff's title, and alleged that the defendant was in the actual possession of the premises. The plaintiff, for the purposes of the motion, must be regarded as admitting what was thus alleged in defence; that is, that he had no title, and that the defendant was in possession. It necessarily follows, if such was the case, that the plaintiff was not entitled to the relief sought in this action and which was granted upon the pleadings. One who is neither in the possession of land, nor shows any right or interest therein, cannot, by this action under the statute, compel another to

maintain or to renounce any claim which he may have. The statutory conditions entitling the plaintiff to relief must be alleged, and, if put in issue, must be proved. *Conklin* v. *Hinds,* 16 Minn. 411, (457;) *Byrne* v. *Hinds,* Id. 469, (521;) *Myrick* v. *Coursalle,* 32 Minn. 153, (19 N. W. Rep. 736;) *Herrick* v. *Churchill,* 35 Minn. 318, (29 N. W. Rep. 129.) It is true that a defendant may waive the objection which he might assert for defect of allegation or proof in these particulars, and place himself in such a position that the action will be allowed to proceed to trial and judgment upon the issues tendered, notwithstanding such a defect,—*Hooper* v. *Henry,* 31 Minn. 264, (17 N. W. Rep. 476;) *Windom* v. *Schuppel,* 39 Minn. 35, (38 N. W. Rep. 757;)—but such a waiver of the objection which a defendant might urge to the prosecution of an action would not justify a judgment against him determining his rights in favor of a plaintiff as to whom no cause of action had been shown.

The asserted title of the plaintiff in this case being put in issue, and admitted by the motion to be unsustainable, and he having no possession of the property, he was not entitled to have it adjudged that the defendant in actual possession had no estate or title in the land, even though the latter failed to show any other right than that which is incident to possession. Whether the foreclosure proceedings set forth in the answer were effectual as to devisees of the mortgagor we do not now decide. We will add that we do not regard the general allegation in the answer of ownership in the defendant as asserting any other title than that which appears to have been acquired in the manner therein particularly set forth. *Pinney* v. *Fridley,* 9 Minn. 23, (34.)

Judgment reversed.