CHARLES K. WHEELER v. WINNEBAGO PAPER MILLS and Another.[1]

Nov. 15, 1895.

Nos. 9539—(82).

Action to Determine Adverse Claim—Judgment on Pleadings.

*Held* that, in an action under the statute to determine an adverse claim to vacant and unoccupied real estate, the plaintiff is not entitled to judgment on the pleadings, where the answer denies his title, but fails to show that the defendant has any interest in the premises. Overruling, on this point, Donohue v. Ladd, 31 Minn. 244.

[1] Reported in 64 N. W. 920.

Appeal by defendant Winnebago Paper Mills from a judgment of the district court for Hennepin county, in favor of plaintiff, entered in pursuance of the order of Belden, J. Reversed.

*C. E. Brame*, for appellant.

*Child & Fryberger*, for respondent.

START, C. J. Action to determine an adverse claim to real estate. The complaint sets out the source of the plaintiff's title to the real estate in question. The defendant corporation answered, and the plaintiff moved the court to strike out certain portions of the answer as irrelevant and frivolous, and for judgment in favor of the plaintiff notwithstanding the answer. The trial court granted the motion, and ordered judgment for the plaintiff, which was entered, and from it the defendant appealed.

The complaint alleges that on March 12, 1890, Ed. L. Peet was the owner of the premises, subject to two mortgages thereon executed by him, and on that day he conveyed the premises to L. Stanley Du Bois; that the mortgages were duly foreclosed by a sale of the premises on September 19, 1893, to D. R. Davis; that on July 31, 1894, L. Stanley Du Bois executed a mortgage on the premises to the plaintiff, to secure the payment of $400; that the mortgage was duly recorded; and that on September 22, 1894, no redemption having been made by the owner, the plaintiff redeemed the premises from the foreclosure sales. The complaint alleges a compliance with all of the successive and necessary steps to make a valid redemption,—among others, the payment of the money to the sheriff, the execution of the certificates of redemption, and the recording of the same; and that the premises are vacant and unoccupied; and that defendant claims some estate therein or lien thereon adverse to plaintiff. The defendant, by its answer, puts in issue the regularity and validity of the redemption proceedings, and alleges that as to whether the plaintiff paid to the sheriff the amount necessary to redeem the premises, or whether the sheriff executed to the plaintiff the certificates of redemption, it has not sufficient knowledge or information to form a belief, and therefore denies the same. The answer then, by way of cross bill, as it is claimed, alleges a great number and variety of facts,—among others, the commencement of an action by the defendant against persons not parties to this action,—and sets out the com-

plaint in the other action, and then alleges: "Which facts are incorporated in this answer, and made a part of said answer, and the defendant alleges the truthfulness thereof for the purpose of obtaining relief in this action."

The complaint in the other action, as set forth in the answer, was struck out by the trial court as irrelevant. We are relieved from the necessity of examining the allegations of this complaint, for defendant's counsel, in his brief, says: "We concede there is more stated in the answer than was necessary, and that all that portion of the cross bill setting out the complaint in the other action was unnecessary, for we admit the validity of the mortgages referred to; and, if it should be admitted that was a proper redemption by plaintiff (which we do not concede), then our action would have to be maintained by the allegations * * * of the answer not stricken out." The order striking out this part of the answer was correct.

The here material allegations of the answer which remain may be summarized as follows: That the defendant, on April 20, 1892, duly recovered and docketed a judgment against C. H. Du Bois in the district court of the county of Hennepin, in which county the premises are situated, in the sum of $684.61, upon an indebtedness incurred and due from C. H. Du Bois to the defendant prior to the year 1890; that an execution on the judgment was duly issued and returned wholly unsatisfied, except for the sum of $229.95, realized from a sale of certain personal property; that this partial satisfaction of the judgment was duly set aside by the court, and the judgment is now wholly unsatisfied; that the mortgage by L. Stanley Du Bois to the plaintiff was wholly without consideration, and was given for the express purpose of giving the plaintiff a colorable lien upon the premises, to enable him to redeem them from the prior foreclosure sales, and that it was agreed between L. Stanley Du Bois, C. H. Du Bois, and the plaintiff that the latter should redeem the premises, and hold the same in trust for the use and benefit of L. Stanley Du Bois and C. H. Du Bois; that whatever moneys were paid in the redemption referred to in the complaint were paid wholly by L. Stanley Du Bois and C. H. Du Bois; that the plaintiff has never had any interest whatever in the premises. It is to be noted that the defendant is a creditor of C. H. Du Bois only; also, that there is no allegation or concession in the cross bill that the alleged agreement

that the plaintiff should redeem the premises and hold them for the use and benefit of L. Stanley and C. H. Du Bois was ever carried out. The allegation that whatever moneys (if any) were paid in and about the redemption were paid wholly by L. Stanley and C. H. Du Bois cannot be construed, in view of the previous denial that any redemption was ever made, as an allegation that such agreement was carried out, and the premises redeemed.

If it be conceded that, if C. H. Du Bois had furnished the money with which plaintiff made the redemption, a trust would result in favor of the defendant as his creditor, under the provisions of G. S. 1894, § 4281, still the allegations of the answer do not make such a case, for the most that can be claimed for them is that the plaintiff agreed to redeem the premises and hold them for the use and benefit of both L. Stanley and C. H. Du Bois, and, if any money was paid on the redemption, it was paid by them. Whether 1 per cent. was paid by C. H. and the balance by L. Stanley does not appear. We are of the opinion that the defendant's alleged cross bill fails to show that the defendant has any interest in or lien upon the premises in question.

But the defendant claims that it was error for the court to order judgment for the plaintiff on the pleadings, even if it should be held that the answer alleged no title in or lien on the premises in favor of the defendant, for the reason that it admits in its answer that it claims a lien on the premises, and that the plaintiff's title is in issue by the denials of the answer. Unless the premises were redeemed from the mortgage foreclosure sales, the plaintiff's title fails. Counsel for plaintiff admits that the allegations of the complaint as to the redemption are denied by the answer, but claims that the denial is immaterial, because the defendant fails to show that it has any interest in or lien upon the premises, and cites, in support of the proposition, Perkins v. Morse, 30 Minn. 11, 13 N. W. 911, and 14 N. W. 879; Donohue v. Ladd, 31 Minn. 244, 17 N. W. 381. The first case is not in point, for in that case the premises were in the possession of the plaintiff, which was prima facie evidence of title to the premises, and gave him the right to call upon the defendant to assert his adverse claim thereto, if any he had; and, failing so to do, the plaintiff was entitled to judgment against him, that he had no claim to the premises. But in the case at bar the plaintiff is not

in possession of the premises, for they are vacant and unoccupied; and, until he proves that he has title to or some interest in them, he cannot have judgment against the defendant upon its answer, which denies his title. It must be admitted, however, that the second case cited (Donohue v. Ladd) supports this contention of counsel; but that case has been in effect overruled by the subsequent cases in this court, which hold that, in an action to determine an adverse claim where the land is vacant and unoccupied, the plaintiff must allege and prove, if it is denied, that he has some title to or interest in the land; otherwise, he has no standing in court, and his action must be dismissed. Myrick v. Coursalle, 32 Minn. 153, 19 N. W. 736; Herrick v. Churchill, 35 Minn. 318, 29 N. W. 129; Jellison v. Halloran, 40 Minn. 485, 42 N. W. 392; Wakefield v. Day, 41 Minn. 344, 43 N. W. 71; Pinney v. Russell & Co., 52 Minn. 443, 54 N. W. 484.

It necessarily follows that Donohue v. Ladd is overruled as to the question here considered; that the plaintiff was not entitled to judgment on the pleadings; and that the judgment must be reversed, and the case remanded for trial. So ordered.