(86 N. W. Rep. 226.)

---

## C. S. DEVER *vs.* GEORGE L. CORNWELL, *et al.*

### Opinion filed May 9, 1901.

**Tax Levy Void—Action to Quiet Title.**

Statutory action to quiet title to land situated in the county of Richland. The complaint alleges ownership in fee in the plaintiff, and that defendants claim some interest in the land adversely to the plaintiff. Defendant Cornwell answered, and denied the plaintiff's ownership, and alleges title in fee in himself. To sustain his claim of ownership, the plaintiff put in evidence a tax deed describing said land, issued upon a tax sale made by the treasurer of said county in 1896 for taxes charged against the land in 1895. Said deed was regular upon its face, and in the form prescribed by section 1268, Rev. Codes 1895, except that the deed was not executed by the county treasurer, and was executed and issued by the county auditor. After introducing the deed, plaintiff rested his case. The evidence in the record shows that the county tax of 1895 was not levied in specific amounts, and that the commissioners attempted to levy said tax by percentages, and that the tax of 1895 was extended on the tax list, and based on said attempted levy by percentages. *Held,* construing section 48, chapter 100, Laws 1891, that said attempted tax levy was without authority of law, and that the county tax based on said attempted levy was illegal, and wholly void. The county treasurer was without jurisdiction to sell the land for said taxes, and the tax deed based on such sale was void from the beginning.

**Once a Week for Three Successive Weeks—Construed.**

Said tax sale is governed by section 1255, Rev. Codes 1895. The notice of sale was published as follows: First, on September 17, 1896; again. on September 24, 1896. The last publication was made on October 1, 1896. The sale took place on October 5, 1896. Excluding the date of the first publication, the notice was published only 18 days before the sale. *Held,* that this notice was insufficient under the statute. Section 1255 requires a publication "once a week for three consecutive weeks preceding the sale." This language means that the publication must continue for and during three full weeks of seven days each, a total period of twenty-one days, preceding the sale. Finlayson v. Peterson, 5 N. D. 587, 67 N. W. Rep. 953, 33 L. R. A. 532, followed. The defect in the publication was jurisdictional, and the deed is void for this reason also.

**Validating Void Levy—Constitutional Restriction.**

The legislature, subsequent to such pretended sale, attempted to validate said attempted levy of county taxes in 1895. See chapter 99, Laws 1897. Section 1 reads: "That the levy of taxes as made in the various counties for the year 1895 is hereby legalized and made valid for all intents and purposes the same as if made in conformity to the law then in force." *Held,* that said act of validation can operate only upon uncollected taxes based on said levy. It does not purport to do more than validate the levy. It does not undertake to validate any tax sale, or to give effect to any void tax deed. If it did do so,

the act would be unconstitutional. It is beyond legislative power to transfer title to land by declaring that void deeds shall be valid conveyances of title. The tax deed in question is neither cured nor affected by the validating statute.

### Evidence Considered.

Evidence and pleadings considered, and *held* that plaintiff wholly fails to sustain his allegation of ownership in fee, and hence cannot maintain this action; nor is plaintiff in a position to require the defendant Cornwell to vindicate his title, as alleged in the answer. Plaintiff omitted to allege that he was in possession, nor does the evidence show that he was ever in possession. In this class of actions the parties on both sides are confined to their allegations, and cannot, except by consent, show any right or title other than that alleged. Plaintiff, having failed to sustain his allegation of ownership, must fail in this action.

### Deed by Auditor.

Whether the tax deed in suit is void on its face because the same was issued by the county auditor, is not decided.

Appeal from District Court, Richland County; *Fisk*, J.

Action by C. S. Dever against George L. Cornwell and others. Judgment for defendants, and plaintiff appeals.

Affirmed.

*Curtiss Sweigle,* and *McCumber, Bogart & Forbes,* for appellant.

At the time of the tax sale, October, 1896, § 1268 of the Rev. Codes was in force. Plaintiff's deed follows the form prescribed by this section excepting that the deed is executed by the auditor and not by the treasurer. It is elementary that the law in force at the time of the sale governs. Black on Tax Titles, § 795; *Roberts* v. *First Natl. Bank,* 79 N. W. Rep. 1049, 8 N. D. 504. The law giving a tax deed certain force as evidence cannot be repealed, and the force the deed had as evidence be taken away. Blackwell on Tax Titles, § 844; *Marx* v. *Hawthorn,* 30 Fed. Rep. 579; *Smith* v. *Cleveland,* 17 Wis. 573. The only change made or that could be made by § 92, Revenue Law 1897, was this requirement that the auditor should execute all tax deeds to persons entitled thereto under prior revenue laws. The revenue law of 1899 did not prescribe any form for deeds to be executed under it, hence Chap. 155, Laws 1899, was enacted which provides that the auditor may issue deeds on former sales in the form therein prescribed. A retrospective effect will not be given a statute unless the legislative intent that it shall so operate is clearly manifest. *Gage* v. *Stewart,* 127 Ill. 207, 19 N. E. Rep. 702; Blackwell on Tax Titles § 1052. There is no policy of law that forbids the vendee in possession to buy an outstanding title to the premises and assert it against his vendor, otherwise it might be asserted by the owner, or a stranger might buy it and it would be lost to both. *Bright* v. *Rochester,* 7 Wheat. 548, *Jackson* v. *Johnson,* 15 Am. Dec. 433; *Green* v. *Dietrich,* 114 Ill. 636. Defendant is not entitled to attack plaintiff's title, although in possession. *Hordway* v. *Cowles,* 25 Pac. Rep. 569; *Picquat* v. *City,* 64 Ga. 254; Desty on Taxation, 904; *Lebannon Mining Co.* v. *Boxers,* 5 Pac. Rep. 601.

Proof of possession must be accompanied by some evidence of title. Sedg. & Wait. on Trial of Title, 718; *Douglas* v. *Raffin,* 16 Pac. Rep. 783. Where legal title held by plaintiff in ejectment is only opposed by naked possession by defendant, plaintiff is entitled to recover. *Shaffer* v. *Matzen,* 3 Pac. Rep. 95; *Jackson* v. *LaMoure Co.,* 46 N. W. Rep. 447, 1 N. D. 238.

*W. E. Purcell,* (*S. & O. Kipp, of counsel*), for respondent.

At common law a tax deed is evidence of its own existence upon proof of the due performance of all preceding requisites in the tax proceedings. Without such proof it is not evidence at all. Cooley on Taxation, 517. The tax deed in question was executed under § 92, Revenue Law of 1897, which does not provide that the deed shall be evidence of anything. Conceding that a purchase at tax sale is a contract between the state and the purchaser, and that the statutes in force at the time, which affect the contract rights of the parties enter into and are a part of the contract, yet remedial forms and rules of evidence do not form part of the contract. The purchaser was not entitled to a tax deed in the form prescribed by § 1268, Rev. Codes. Such section is unconstitutional in that it attempts to make the tax deed conclusive proof of title. Cooley Const. Lim. 453. The tax deed having been issued under this void statute no rights can be claimed under it, and the common law rule prevails. *Dawson* v. *Teeter,* 77 N. W. Rep. 997; *Stoudemire* v. *Brown,* 48 Ala. 699; *Davis* v. *Minge,* 56 Ala. 121. The tax levy was void because made by percentages and not in specific amounts. *Wells County* v. *McHenry,* 7 N. D. 246, 74 N. W. Rep. 241. The county tax levy was void when the sale was made, invalidating the sale so that it could not be rendered valid by an act of the legislature. *Cromwell* v. *McLean,* 123 N. Y. 474, 25 N. E. Rep. 932; *Daniels* v. *Watertown,* 29 N. W. Rep. 673; *Zeigler* v. *Flack,* 54 N. Y. Sup. Ct. 69; *Hopkins* v. *Mason,* 61 Barb. 469; *Forster* v. *Forster,* 129 Mass. 559. The notice of sale was not published for twenty-one days prior to the sale, as required by § 1255, Rev. Codes, and is void. *Marx* v. *Hawthorn,* 30 Fed. Rep. 579; *Marx* v. *Hawthorn,* 148 U. S. 172; *Nor. Pac. Ry. Co.* v. *Galvin,* 85 Fed. Rep. 811; *Roth* v. *Gilbert,* 123 Mo. 29, 27 S. W. Rep. 528; *Baumtagur* v. *Fowler* 82 Md. 631; *Wambole* v. *Foot,* 2 Dak. 1; *Mather* v. *Darst,* 82 N. W. Rep. 407; Cooley on Taxation, 482, 483. A tax deed is not *prima facie* evidence of jurisdictional requisites. *Dawson* v. *Peter,* 77 N. W. Rep. 997. Under § 106, Act of 1897, the tax purchaser was required to give notice of expiration of time of redemption before taking his deed, notwithstanding the sale was made under an earlier and then repealed enactment. *Curtis* v. *Whitney,* 13 Wall. 68; *Herrick* v. *Niesz,* 47 Pac. Rep. 414; Black on Tax Titles, § 329; *Gage* v. *Stewart,* 127 Ill. 207, 19 N. E. Rep. 702; *Ouhallan* v. *Sweeney,* 79 Cal. 537, 21 Pac. Rep. 960; *Coulter* v. *Stafford,* 56 Fed. Rep. 564; Jaggard on Taxation, 548. The tax deed is not evidence of the due giving of this notice. Black on Tax Titles, § 452; *Miller*

v. *Miller,* 31 Pac. Rep. 249;`Reid` v. `Thompson,` 9 N. W. Rep. 331. *Herrick* v. *Niesz,* 47 Pac. Rep. 414; *Strode* v. *Washer,* 17 Ore. 50; *Hickox* v. *Tallman,* 38 Barb. 608; *Howard* v. *Monck,* 64 N. Y. 262. Plaintiff alleged ownership and failed to prove it. Having no interest in the land he is not prejudiced by the judgment declaring defendant the owner. *Myrick* v. *Coursalle,* 32 Minn. 153, 19 N. W. Rep. 736. White, while in possession under the executory contract by which he agreed to pay all taxes, could not acquire a tax title against his vendor. Black on Tax Titles, § 293. Possession is *prima facie* evidence of the highest estate in property. Newell on Ejectment, 367; Sedg. & Wait. on Trial of Title, § 717.

WALLIN, C. J. This action was tried by the District Court without a jury, and a judgment was entered in that court dismissing the action Plaintiff has appealed to this court from the judgment, and demands a trial anew of all the issues in this court. The complaint alleges that the plaintiff is the owner in fee simple of certain real estate described in the complaint; that the defendants claim some interest in or title to said real estate, which is adverse to the plaintiff's title. The nature of the defendants' claim of title to the land is not indicated by the complaint, but the prayer of the complaint is to the effect that the title be adjudged to be quieted in the plaintiff. The answer embraces a general denial, and also alleges title in fee simple in the defendant Cornwell. The action is strictly a statutory action, and was instituted under the provisions of Chap. 30 of the Code of Civil Procedure. The plaintiff's claim of ownership and title rests solely upon a certain tax deed which was offered in evidence by the plaintiff. This evidence was objected to for several reasons, among which were the following: First, that the same was incompetent to show title, because it showed upon its face that it was executed and issued by an officer not authorized by law to execute or issue the same; and, second, that it did not appear on the face of the deed, and was not the fact, that a notice of the expiration of the period of redemption was given prior to the delivery of the deed. The tax deed shows that the same was issued by the county auditor of Richland county on the 7th day of October, 1898, upon the surrender of a certificate of tax sale bearing date the 5th day of October, 1896, which certificate was issued by the county treasurer of Richland county on the date last stated, and the same evidenced a tax sale of the lands in controversy made by said treasurer on the 5th day of October, 1896, for the sum of $18.12, which sum was the amount of delinquent taxes charged against said land for the year 1895. The deed recites that the period of redemption had expired, and that the lands had not been redeemed from said sale; that the land was legally liable to taxation; and that said taxes for 1895 had been legally assessed and levied. The deed was framed strictly in conformity to the form of deed embraced in § 1268 of the Rev. Codes of 1895, except that the same was issued under the hand of the county auditor of Richland county, and the same was

not issued or signed by the treasurer of the county, as required by said § 1268. In this court it is contended in behalf of the respondents that the deed is wholly void, because the same was not issued by the county treasurer, as required by § 1268. On the other hand, counsel for the appellant contend. that, inasmuch as the deed was issued upon a tax sale made in 1895, while said § 1268 was in force, he is entitled to that form of deed which the statute then prescribed, and that such a deed was contracted for when the purchaser bid off the land. In support of this contention the appellant's counsel cite § 92 of Chap. 126 of Laws of 1897, and insist that this section fully authorized the county auditor to issue the deed and. issue any tax deed which a purchaser was entitled to have issued under the laws in force when the land in question was sold at tax sale.

The questions presented by these contentions of counsel are interesting to the profession, and are by no means devoid of difficulty; but, as will hereafter appear, it is unnecessary, in disposing of the present case, to determine whether the county auditor could or could not lawfully issue the deed which was issued, or whether the same, when issued, was evidence of title, or conclusive evidence of the facts recited upon its face. In our judgment. these questions need not be considered in the present case, because in disposing of the case this court will assume, without deciding upon the face validity of this deed. that the same possesses all the validity which it would have had if it had been issued by the county treasurer, instead of the auditor, and so issued while § 1268 of the Rev. Codes of 1895 was in force, and unrepealed. This assumption, for the purposes of this case, is favorable to the appellant, and goes as far as the appellant's counsel can ask. Assuming, then, for the purposes of the case, that the deed is regular on its face, and that it constitutes *prima facie* evidence of title·in the plaintiff, we proceed to consider whether evidence aliunde, which we find in the record, is sufficient to destroy the deed as a conveyance of title. In this investigation we shall have occasion to.discuss only that part of the evidence which relates to the county levy of the tax of 1895, and that which has reference to the notice upon which the land was sold for the tax of that year. With respect to the county levy, it appears from the evidence· the commissioners' record that the following attempted levy was made on July 12, 1895, and that no other county levy was made in that year in the county of Richland. The record is as follows: "On motion the following tax levy for 1895 was made by the board: For county general fund, 6 mills; for county sinking fund. 5-10 mills; for county road and bridge, 5-10 mills,—total, 7 mills." It further appeared by the testimony of the deputy county auditor that in making up the county tax list for 1895 taxes were expended upon this levy based on the percentages above set out. No attempt was made by the county commissioners of Richland county in 1895 to levy a county tax in specific amounts, as required by § 48 of Chap. 100 of the Laws of 1891, which section was then in force, and con-

trolled the levy. The statute which authorized the levy and prescribed the mode and manner of the levy was completely ignored, and the commissioners, instead of conforming to the law, proceeded to make a pretended tax levy in a manner not authorized by law. In so doing the commissioners acted without authority of law, and in the teeth of express statutory provisions. The attempt to levy the county tax for 1895 was, therefore, abortive. No such tax was levied. This court had occasion to so rule in *Wells Co.* v. *McHenry,* 7 N. D. 246, 74 N. W. 241, which was a case of a county tax, where the levy was in percentages, and was not in specific amounts. In the course of the opinion this court said: "At the time the pretended levy in question was made, a levy by percentages was not a levy at all. We have, therefore, a case of a failure to levy, and not a mere omission of some step in relation to a levy." And the court held in the case cited that a judgment for the county tax in question—that of 1890—could not be entered for said tax, because there was no such tax none having been levied. The case at bar comes squarely within the rule laid down in the case cited. It is elementary that a failure to levy a tax under a statute requiring a levy is a fundamental defect in tax proceedings, which destroys the ground work of the tax. No county tax being levied in fact, the auditor was without authority to extend a county tax upon the list, and the treasurer was without authority to collect any such tax by sale of land or otherwise. The defect is jurisdictional. In *Roberts* v. *Bank,* 8 N. D. 504, 79 N. W. 1049, this court said: "The jurisdictional defects will be found to include the nontaxability of the property, the absence of any assessment, the absence of any levy," etc. But appellant's counsel contends that this void tax levy has been completely cured and validated by subsequent legislation, and cites Chap. 99 of the Laws of 1897 to sustain this contention. Section 1 of said chapter reads as follows: "That the levy of taxes as made in the various counties for the year 1895 is hereby legalized and made valid for all intents and purposes the same as if made in conformity to the law then in force." We see no constitutional objection to this statute, inasmuch as it does not, by its terms, transcend certain well-defined constitutional restrictions which measure all legislation designed to cure defects in tax proceedings. The law purports to validate only the tax levy. It does not attempt to validate any defective sale for taxes, whether made prior to the passage of the act or subsequent thereto. Much less does it attempt to interfere with vested rights by declaring that any tax deed based upon a sale for the delinquent tax of 1895, and which was void from the beginning, should be a good deed, and threafter operate to transfer the title of the land described in the deed from its original owner to the holder of the tax title. The act of validation, therefore, can operate only upon such taxes as were uncollected at the time of its passage; and as to such taxes it purports to cure but a single step in the process of laying the tax, viz: the levy of the county taxes in the year 1895. So far as

the land in question is concerned, the county tax of 1895 had been paid, and the money received in the county treasury, long prior to the enactment of the curative statute relied on by the appellant. The land was sold for the 1895 tax in 1896 and the act was not passed until the year 1897. The validation of the county levy of 1895 therefore was wholly inoperative so far as this land is concerned. Besides, it is well settled that it is beyond the power of the legislative branch of the government to transfer the title of land by mere legislative fiat. The Supreme Court of the United States has tersely expressed this doctrine as follows: In speaking of legislative power, the court said: "It may, therefore, cure irregularities, and confirm proceedings which, without the confirmation, would be void because unauthorized, provided such confirmation does not interfere with intervening rights." See *Mattingly* v. *District of Columbia,* 97 U. S. 687, 24 L. Ed. 1098. In *Forster* v. *Forster,* 29 Mass. 559, the legislature attempted to cure void tax sales where the notice of sale was invalid under the law. The curative act was declared void, as infringing upon vested interests. The rule is the same where a sale of land is made by order of court in a proceeding in which the court was wholly without power to direct the sale. In such a case a statute subsequently passed to confirm the sale is inoperative and void. See *Maxwell* v. *Goetschins,* 29 Am. Rep. 242. The limitation of the legislative authority to cure defects in tax proceedings is as well settled as is the general right of the legislature to enact curative laws. See Cooley, Tax'n (2d Ed.) p. 298; *Cromwell* v. *Maclean,* 123 N. Y. 474, 25 N. E. 932; *Hopkins* v. *Mason,* 61 Barb. 469; *Daniells* v. *Watertown Tp.,* (Mich.) 28 N. W. 673. In the case last cited the Court said: "The difficulty in this case is, there has been a sale of property levied upon, and the rights of parties became vested, before the curative legislation took effect, and such rights cannot be interferred with in this manner." Further citations are deemed superfluous. The void tax deed is not transmuted by legislative decree into a valid deed, under the provisions of Chap. 99 of the Laws of 1897.

But the deed is absolutely void for another reason, and one equally cogent. The tax sale of 1896, upon which the deed is based, was an illegal sale, and the treasurer was without jurisdiction to make the same. Prior to said sale, no legal notice thereof had been given. Section 1255 of the Rev. Codes of 1895 governed the sale. Said section, so far as the same is material here, reads: "The treasurer shall give notice of the sale of real property by publication thereof once a week for three consecutive weeks preceding the sale in a newspaper in his county to be designated by the board of county commissioners." Defendant put in evidence the record of the procedings of the county board relating to the designation of a newspaper, which is as follows: "Motion made and seconded that the North Dakota Globe be designated, and it is hereby designated,

the paper to print the delinquent tax list." The printer's affidavit of publication, after search therefor, could not be found by the deputy auditor, who was its custodian; and after laying proper foundation for secondary evidence, the publisher of the North Dakota Globe was sworn as a witness, and testified to the effect that he was the editor and publisher of that newspaper during the year 1896; that in that year the delinquent tax list of 1895 was published in that newspaper as follows: "The first publication on September 17, 1896; the next, September 24, 1896; and the last, October 1, 1896. These were the only publications of the notice made that year. The sale took place on October 5, 1896. Excluding the day of the first publication, the notice was published for 18 days before the sale, and no longer. Was the publication sufficient? This question must receive a negative answer. It was published three times before the sale in the designated newspaper, but the same was not published "once a week for three consecutive weeks preceding the sale." The phrase "for three consecutive weeks" means during or throughout a period of 21 days, or a period of three full weeks of 7 days each. This construction of the same, or practically the same, language has been adopted by many courts, and has received the full sanction of this court. See *Finlayson* v. *Peterson*, 5 N. D. 587, 67 N. W. 953, 33 L. R. A. 532, and cases cited. In the Finlayson case the language construed was as follows: "For six successive weeks," while the language under consideration is, "For three consecutive weeks." But, in the connection in which the words "successive" and "consecutive" are respectively found, these terms are synonymous in meaning. These words are quite generally used interchangeably. See Webst. Dict. The publication of the notice was, therefore, insufficient, and gave no authority to sell. It is well settled that a tax sale made without giving the prescribed notice is fatally defective, and that a deed otherwise regular and valid is worthless if the same is issued pursuant to a sale based on an illegal notice. The courts of many states. as well as this state, have so held repeatedly. See *Roberts* v. *Bank*, supra; also, *Sweigle* v. *Gates*, 9 N. D. 538, 84 N. W. 481. See authorities collected in Cooley, Tax'n (2d Ed.) p. 484, note 2. Where the notice of sale is substantially insufficient for any reason, it matters not that the statute declares that the tax deed shall be conclusive and shall convey title. Such statutes are unconstitutional, and, if upheld, would operate to transfer title to real estate without due process of law. See the following cases as illustrative of this rule: *Marx* v. *Hanthorn*, (C. C.) 30 Fed. 579; Id., 148 U. S. 172, 13 Sup. Ct. 508, 37 L. Ed. 410; *Roth* v. *Gabbert*, 123 Mo. 29, 27 S. W. 528; *Baumgardner* v. *Fowler*, 82 Md. 631, 34 Atl. 537; *Wambole* v. *Foote*, 2 Dak. 1, 2 N. W. 239; *Mather* v. *Darst*, (S. D.) 82 N. W. 407.

The plaintiff, in his complaint, alleges ownership of the land in fee simple, without setting out the source of his title; nor does the complaint attempt to allege that plaintiff is, or ever has been, in posses-

sion of the land. At the trial some evidence was offered touching the possession of the land. It appears that one Herman Hoyt had farmed the land continuously for many years under a contract of purchase with the defendant Cornwell. That contract, up to the time of the trial, had not been cancelled, either by agreement of the parties thereto or by the judgment of any court; but there is some evidence that Hoyt made some arrangement with Curtiss Sweigle, the attorney for the plaintiff, concerning a crop to be raised on the land. But the terms of this agreement are not stated; nor is there any evidence that the plaintiff was in any wise a party to, or concerned in, such arrangement as was made with Sweigle, nor is there any pretense that the arrangement with Sweigle was concurred in or known to the defendant Cornwell, who alleges ownership of the land. Certain evidence was introduced under objection to show that the defendant Cornwell was and is the owner of the land. Plaintiff's counsel contend that for certain technical reasons such evidence was incompetent. But we are of the opinion that plaintiff, under the evidence, has not only signally failed to sustain his allegations of ownership and title, but has also failed to show any estate in, title to, or possession of the land involved. Under the evidence the plaintiff is a stranger to the premises, and without interest therein, either at law or in equity. It appearing by the evidence that the plaintiff has no title or interest in the land, and having failed either to allege or prove possession of the land, the plaintiff cannot maintain this action. *Jellison* v. *Halloran,* 40 Minn. 485, 42 N. W. 392; *Herrick* v. *Churchill,* 35 Minn. 318, 25 N. W. 129; *Myrik* v. *Coursalle,* 32 Minn. 153, 19 N. W. 736; *Merrill* v. *Dearing,* 47 Minn. 137, 49 N. W. 693; *Wheeler* v. *Paper Mills,* 62 Minn. 429, 64 N. W. 920. The cases cited from Minnesota were all statutory actions to quiet title. In *Merrill* v. *Dearing* the Court lays down the rule that, where the complaint alleged ownership in fee in the plaintiff, he would not be permitted to show an equitable interest only in the land. In *Stuart* v. *Lowry,* (Minn.) 51 N. W. 662, this rule was applied to a defendant. In *Myrik* v. *Coursalle* the Court said: "The plaintiff must allege in his complaint, and, in case of contest, show upon the trial, some title to the land; otherwise, he does not put himself in a position to attack the claim of any other person to the same. In *Wakefield* v. *Day,* 41 Minn. 344, 43 N. W. 71, the Court, referring to the burden resting on the plaintiff in this class of actions, said: "It was necessary for him to prove the title or interest claimed by him, in order to maintain his action." Under these authorities the plaintiff was not in a position to call upon the defendants to show at the trial that their title to the land was a good title, and all evidence introduced at the trial to vindicate the defendant's title was therefore superfluous. As against the plaintiff, the defendants were entitled to have their title quieted at least to the extent of an adjudication that the plaintiff had no title to or interest in the land as against the defendants. The plaintiff, having failed to show that he has in any

manner paid a valid tax upon the lands in question, is, aside from other considerations, in no position to ask a court to give him a judg- ment against the defendants for money paid as for taxes. Our conclusion is that the judgment of the trial court was proper, and it will therefore be affirmed. All the judges concurring.