## H. A. WHITTAKER v. ALONZO D. MEEDS.[1]

### June 18, 1920.

### No. 21,752.

**Adverse claim to vacant property — plaintiff's title open to attack, even if defendant's is defective.**

1. The plaintiff, in an action to determine adverse claims to vacant and unoccupied real property, must establish his alleged title when put in issue, and the title tendered by him on the trial is open to attack by defendant, although his own title be in some respects defective.

**Power of sale vests no title in trustee.**

2. A trusteeship created by a last will and testament, by which the trustee was authorized and empowered to sell the trust property and divide the proceeds equally among the persons named and designated therein, is *held* to amount to nothing more than a power in trust, vesting no title to the trust property in the trustee, all of which passed to the cestui que trust on the death of the testator, subject only to the power of sale for the distributive purposes stated in the will.

**After his discharge by proper court, trustee's deed is a nullity.**

3. The same person was named executor and also trustee; he duly administered the estate, sold the property and distributed the proceeds as directed by the will; upon report thereof to the court having jurisdiction, which was in all things assented to and acquiesced in by the cestui que trust, the court duly made a final decree confirming the distribution and formally discharging the executor-trustee from his duties and obligations as such. It is *held*: That by his discharge the authority of sale conferred upon him by his appointment became functus officio, and that a deed of a remnant of the estate which was not included in the trust or probate proceeding, executed some 20 years after such final decree and discharge without authority from the court or the cestui que trust, was a nullity and conveyed no title to the grantee.

**Final decree of foreign court conclusive.**

4. The final decree of the county court of the state of Wisconsin wherein the will was probated, and to which the executor-trustee made report and received his discharge, in the absence of a showing that the court was without jurisdiction, is final and conclusive on the courts of this state.

[1] Reported in 178 N. W. 597.

**Certified record of foreign court admissible.**

    5. Properly certified records of the proceedings in the Wisconsin court, including the report of the executor-trustee, and the final decree, were admissible in evidence and the trial court erred in excluding them.

Action in the district court for Hennepin county to determine adverse claims to certain vacant and unoccupied property. The amended answer of Alonzo D. Meeds alleged that whatever claim of title plaintiff had was procured by false and fraudulent representations. The case was tried before Fish, J., who at the close of the evidence denied defendant's motion to dismiss the action on the ground that plaintiff's claim was stale and inequitable, on account of his grantor's laches and failure to pay taxes and to claim title for about 30 years, and made findings and ordered judgment in favor of plaintiff as the owner of the property, and in favor of defendant Meeds for certain taxes paid by him. From an order denying his motion for amended findings and conclusions or for a new trial, defendant appealed. Reversed.

    *Colfax Grant,* for appellant.

    *Andrew Fawcett,* for respondent.

BROWN, C. J.

Action to determine adverse claims to certain real property in which plaintiff had judgment, and defendant appealed from an order denying a new trial.

The property, consisting of certain lots forming part of a platted subdivision of the city of Minneapolis, was formerly owned by Henry Hastings, from or through whom both parties claim title. It appears that Hastings, a resident of the state of Wisconsin, died on the twenty-seventh day of February, 1895. He left surviving him his widow and certain children as his sole heirs at law. By his last will and testament he devised and bequeathed all and singular his property and estate, save certain specific bequests, to his son Charles L. Hastings, as trustee, to be by him sold and the proceeds distributed and paid over to his children, all of whom were named in the will, share and share alike. Provision was made for the widow. No specific mention was made of the lots in question, but they necessarily were included in the general

grant of all of testator's property. The will was probated in Wisconsin and also in this state. The proceedings in this state were had in the probate court of Hennepin county, wherein this and other real property belonging to the testator was situated. The final decree therein was duly entered on March 16, 1897. It recited that the residue of testator's property in this state consisted in certain land in Pine county, and certain specifically described lots in the city of Minneapolis, concluding with a general decree assigning that so described to Charles L. Hastings in trust, to be by him sold and the proceeds distributed among testator's children as directed by the will.

No mention was made in any of those proceedings, or in the final decree, of the lots here in question, nor did the decree contain any general clause assigning, in addition to the particularly described property, all the rest and residue of testator's property situated in the state. This item of property seems to have been unknown to the executor or those interested in the estate, and was not embraced or included in either the probate or trust proceedings.

Plaintiff claims title to the property under a quitclaim deed executed by Charles L. Hastings, trustee, on January 12, 1917, some 20 years after the date of the probate decree just mentioned.

Defendant claims title (1) through a tax title, confirmed by a judgment of the district court of Hennepin county in an action to determine adverse claims, brought by defendant against persons known and unknown claiming any right or interest in or to the property; the judgment bears date April 12, 1912; and (2) through deeds from all the heirs of Henry Hastings, who were legatees and beneficiaries under the will, all of which deeds were executed and recorded in June, 1917. Deeds from some of such heirs to plaintiff were recorded subsequent to those so executed to defendant.

The assignments of error present several questions, only one of which requires attention, namely, whether the court erred in excluding from the evidence certified records of the probate of the Hastings estate in Wisconsin.

1. It was incumbent on plaintiff in order to maintain the action, the property being vacant and unoccupied, to establish by competent evi-

dence his alleged title. Herrick v. Churchill, 35 Minn. 318, 29 N. W. 129; Wakefield v. Day, 41 Minn. 344, 43 N. W. 71. This he attempted to do by the introduction of the deed from Hastings, the trustee. The validity of the title thus relied upon was open to attack by defendant, though his title in some respects may be defective. Wakefield v. Day, 41 Minn. 344, 43 N. W. 71; Pinney v. Russell & Co. 52 Minn. 443, 54 N. W. 484; Jellison v. Halloran, 40 Minn. 485, 42 N. W. 392. To defeat the title so tendered by plaintiff, defendant offered in evidence certified copies of the proceedings of the Wisconsin court, in the administration of the Hastings' estate, including the final report of the executor and trustee, showing that all of the known property of the testator had been, by the trustee, sold, and the proceeds distributed as directed by the will, together with the final decree of the court, reciting and confirming the distribution of the estate, and formally discharging the executor from the trust imposed upon him. The final decree and discharge bears date July 26, 1897. The documents were excluded as immaterial. In this there was error.

Charles L. Hastings was named by the will as both executor and trustee, the duty imposed by the latter being to dispose of the estate and distribute the proceeds. The trusteeship created by the will vested in him no estate in the property; he was merely clothed with the power of sale, amounting to nothing more than a power in trust; the same power could well enough have been conferred on him as executor. The legal title to the real property belonging to the estate therefore passed to the heirs named in the will immediately on the death of the testator, and due proof of the execution of the same, subject of course to the power of sale for the purposes stated therein. G. S. 1913, § 6713; 1 Perry, Trusts, § 298; West v. Fitz, 109 Ill. 425; Toms v. Williams, 41 Mich. 552, 2 N. W. 814. And again the particular property was unknown either to the executor-trustee, or to the heirs and was not included in the probate proceedings. A situation of that kind is provided for by G. S. 1913, § 6717, wherein it is declared that such unadministered estate shall become the property of the person creating the trust or his heirs as a legal estate.

In that view of the law applicable to the facts, of which there can

be no serious doubt, it seems clear that the trustee's deed to plaintiff was ineffectual for any purpose, at least as against defendant. Long before the deed was executed the authority of Hastings to act as trustee had become functus officio, and all beneficial title and right to the property, under the statute just cited had fully vested in the cestui que trust. State v. Probate Court of Ramsey County, 84 Minn. 289, 87 N. W. 783. Manifestly the trustee could not after the lapse of 20 years, without application to or approval of the court or consent of the then legal owners of the property, reclothe himself in official garb and sell and dispose of the same. His attempt to do so was clearly a nullity.

The suggestion of counsel to the effect that the final decree and discharge of the Wisconsin court is ineffectual in Minnesota is not sound. The trust, as well as the trustee, was within the jurisdiction of the courts of that state, and was in fact administered there with the consent and acquiescence of the cestui que trust. The executor-trustee made his final report to that court, disclosing a full and complete performance of his duties in each capacity, and at his request after due hearing was acquitted and discharged from further duty or responsibility in the premises; all of which was acquiesced in by all interested parties and has remained unquestioned for over 20 years. Clearly the decree is as final and binding in this state as in the state of Wisconsin. State v. Weber, 96 Minn. 422, 105 N. W. 490, 113 Am. St. 630. In re Crawford's Estate, 68 Oh. St. 58, 67 N. E. 156, 96 Am. St. 648; 2 Dunnell, Minn. Dig. § 5207. The proceedings in this state were merely in aid of those pending in Wisconsin, and to authorize a sale of the property in this state. In no other respect, so far as discloseed by the record, did the executor-trustee submit to or call into exercise the jurisdiction of the courts of this state. It is probable in such a case that the cestui que trust could compel an accounting in this state, but the right if it exists was not exercised.

It follows that the court erred in excluding the Wisconsin records, and for that error there must be a new trial.

2. In view of that result it may be said in conclusion, that the validity of defendant's asserted tax title, confirmed by the judgment referred to above, may seriously be doubted, because of defects in the affidavit

for the publication of the summons. But we do not determine the point. It probably will not arise on another trial, for it seems clear that the deeds executed by all the Hastings' heirs, legatees and beneficiaries under the will, in whom the legal title to this part of the estate became vested as heretofore stated, conveyed to defendant a valid title to the land, and, on the facts as they now appear, superior to any right shown in plaintiff.

Order reversed.