Metcalfe, J.
This action was brought by R. C. Boyd, a taxpayer, against the commissioners of Mahoning and Columbiana counties, and the state highway commisisoner, to enjoin the construction of a proposed improved highway upon the county line between Mahoning and Columbiana counties.
It is claimed that the contract to build such road entered into by the state highway commissioner and the construction company is illegal for several reasons.
*362 First, it is claimed that the advertisement for bids for the construction of the road was not published the length of time required by the statute.
The section of law in controversy is Section 199 of the original law, 106 Ohio Laws, 634,. now Section 1206 of the General Code. The statute provides:
“Upon the receipt of a certified copy of the resolution of the county commissioners or township trustees, that such improvement be constructed under the provisions of this chapter, the state highway commissioner shall advertise for bids for two consecutive weeks in two newspapers of general circulation, and of the two dominant political parties published in the county or counties in which the improvement, or some part thereof is located, if there be any such papers published in said counties. * * * ”
That is all of the statute that applies to 'the question here.
• It appears from the agreed statement of facts that an advertisement for bids to be received on the 19th day of May, 1916, was published in two newspapers of general circulation and of the dominant political parties. The first publication in one of the papers was on the 5th day of May. No question is made but' that that, publication was sufficient; but in the other paper the first publication was made on the 6th day of May, thus falling one day short of two' calendar weeks.
It is urged with a good deal of force that 'the statute does not contemplate the publication of such advertisement for two full calendar weeks, but merely two successive publications in two different *363 weeks, and that if the advertisement is put in. a paper of each of the two leading political parties one day in each of two successive weeks, that that is a compliance with the law.
It is with some reluctance that we have reached a different' interpretation of the statute. The statute requires the publication to be made for two consecutive weeks, and we have come to the conclusion that 'it means two full calendar weeks from the date of its first publication.
The statute does not direct whether the publication shall be made in a daily paper, or a weekly, but does require that the publication shall be made for two consecutive weeks. No one can doubt the legality of the notice if published in a daily paper, but would it be a publication for two consecutive weeks if the notice were published on the last day of one week and the first of the next? Surely that' is not what the statute contemplates, but that would be the effect of the construction claimed.
In the case of Finlayson v. Peterson, 5 N. D., 587, 33 L. R. A., 532, the court held:
“Under a statute requiring publication of notice of sale on foreclosure of mortgage by advertisement to be made for ‘six successive weeks at least once in each week,’ the first publication must be made at least forty-two days before the day of sale, or the foreclosure proceedings will be void.”
In the opinion the court says:
“The word ‘for,’ in this statute, means ‘throughout,’ or ‘during the continuance of.’ 3 Cent. Dict., p. 2314, definition 15 of word ‘for.’ It is obvious that a notice of sale has not been published during the continuance of a week, when the day of sale *364 follows the day of publication at an interval of less than a week.”
We think that that is the sense in which the words “for two consecutive weeks” are used in this statute, that is to say, during, the continuance of two successive weeks. See also Dever v. Cornwell, 10 N. D., 423, 86 N. W. Rep., 227.
We must therefore hold that the requirement of the statute is not .complied with. What is the effect of such non-compliance with the statute? In McCloud & Geigle v. City of Columbus, 54 Ohio St., 439, the court says:
“Where a municipal corporation, acting under chapter 4, division 7, of Title XII, Revised Statutes, improves a public street, the provisions of section 2303, prescribing the mode and time of advertising for bids, are mandatory, the compliarice with which is a condition precedent to the power of the municipality to enter into a valid agreement in respect thereof.”
The terms of the statute before us for construetion are very similar to the terms of the statute before the supreme court in McCloud & Geigle v. City of Columbus, and in view of that decision we think that the requirements of Section 1206, General Code, are mandatory, and a failure to comply with its terms renders the contract void.

Injunction allowed.

Pollock and Farr, JJ., concur.