THE STATE, EX REL. COMPTON, *v.* BOARD OF COUNTY COMMRS. OF BUTLER COUNTY.

*County commissioners—Improvement of road—Notice of view and hearing—Publication for three consecutive weeks—Statutes in pari materia—Sections 6252 and 6864, General Code—Construction of bridge—Publication of notice of submission of bond issue—Section 5639-1, General Code.*

1. The provision of Section 6864, General Code, requiring notice by publication "once a week for three consecutive weeks" of the time and placè of the view and hearing by county commissioners of a propòsed road improvement, is not complied with where three publications were made on three days, one week apart, and the view was had two days after the last publication, which was less than three weeks from the date of the first publication.

2. Section 6864, General Code, relating to publication of notice of view and hearing by county commissioners in road improvement proceedings, and Section 6252, General Code, relating to the publication of legal advertisements, are statutes of a general nature having uniform operation throughout the state and should be construed *in pari materia.*

3. The publication of the notice of submission to the electors of the question of expenditure for constructing a bridge by county commissioners, as provided for by Section 5639-1, General Code, is the publication of a notice of an election and must conform to the requirements of Section 6252, General Code.

(Decided July 30, 1923.)

APPEAL: Court of Appeals for Butler county.

*Messrs. Mattern, Brumbaugh & Mattern* and *Messrs. Palmer & Elliott,* for plaintiff.

*Mr. P. P. Boli,* prosecuting attorney of Butler county; *Mr. M. O. Burns; Mr. H. J. Koehler, Jr.,* and *Mr. John F. Neilan,* for defendants.

CUSHING, J. This action is prosecuted by Frank W. Compton, a taxpayer, to enjoin the board of county commissioners of Butler county from constructing a proposed road, to be known as Riverside Driveway, and from issuing and selling bonds of the county in the sum of $364,000 for the purpose of constructing a bridge over the Miami river as a part of such roadway.

A large part of the record, and of the briefs of counsel, is devoted to matters that are within the discretion of the board of county commissioners and subject to the will of the people as expressed at the election held in November, 1920, on the question of issuing and selling bonds for the improvement. The record is clear as to what the commissioners and the people wanted, their purpose is apparent, and the vote decisive, and this court will not interfere with their acts except upon a question of law.

The statutes of Ohio require that in order to confer jurisdiction on the board of county commissioners to open roads and build bridges certain steps be taken.

The Supreme Court has held many times that statutes conferring jurisdiction must be strictly construed and followed, and it seems unnecessary to restate that principle, or to cite authorities in its support.

Did the county commissioners fail to comply with any of the statutory provisions conferring jurisdiction on the board? The answer to this query determines the issue in the case.

The sections of the code relating to the establishment of roads are Sections 6864 and 6869. Section 6864, among other things, provides:

"The commissioners shall cause notice of the time and place for both such view and hearing to be given by publication once a week for three consecutive weeks in a newspaper," etc.

Section 6869 refers to final hearing on the question of opening of the road, and provides:

"If the proceeding be one for the location or establishment of a road, the commissioners shall then cause said road to be opened up as established, and such road shall thenceforth be a public road, and shall be kept open, maintained and improved as provided by law."

The record is undisputed that publications with reference to the view and final hearing were made March 17, 24 and 31. The date fixed for the view was April 2, and the time fixed for the final hearing was April 7. All in the year 1920.

The only question to be decided is the meaning of the language of the statute, "once a week for three consecutive weeks."

In the case of *State, ex rel. Boyd,* v. *McMaster,* 29 O. C. A., 382, it was held that the statute requiring advertisement for two consecutive weeks was mandatory, must be strictly complied with, and that the term, two consecutive weeks, as used in the statute, means two full calendar weeks. See, also, *State* v. *Kuhner & King,* 107 Ohio St., 406.

The three publications were made on three days, one week apart. The view was two days after the last publication, which was not three weeks from the date of the first publication. Following the Ohio rule, we are led to the conclusion that the view was within a time less than three weeks from the date of the first publication, so that three

weeks notice, as the statute provides, was not given. The statute clearly contemplates that if the view is had three weeks after the date of the first publication, the final hearing should be held subsequent to that time.

Another question presented by the record is whether publication of this character must comply with Section 6252, General Code.

Section 6864 provides the length of time that notice must be published, and for insertion in a newspaper published in and having general circulation in the county, or, if there be none such, then in a newspaper having general circulation in the county.

Section 6252 does not specify any length of time for publishing certain notices, but provides for a publication in addition to that provided in other sections of the code (Section 6255). The language is:

"In counties having cities of eight thousand inhabitants or more, not the county seat of such counties, additional publication of such notices shall be made in two newspapers of opposite politics in such city."

Section 6864 relates specifically to the length of time road notices shall be published, and Section 6252 relates generally to the publicity to be given certain proclamations, orders and notices, at the discretion of public officers, and requires an additional publication that will give notice to the citizens in all parts of the county.

Both these laws are statutes of a general nature, having uniform operation throughout the state, and will be construed in pari materia.

The other question presented is with reference

to the application of Section 5639-1, General Code,
which provides that the county commissioners
shall give fifteen days notice of the submission of
any such question by publication in at least two
newspapers of opposite politics having general
circulation in said county, which notice shall be
published once a week for two consecutive weeks,
etc. The notice required by this section of the
code is a notice of an election, and its publica-
tion is clearly subject to the requirements of Sec-
tion 6252, General Code.

The concluding part of the brief of counsel
for plaintiff urges that the court consider changed
conditions, and the advisability of opening the
roadway in question and building the bridge.

The law vests in the board of county commis-
sioners discretion to determine the advisability of
proposed improvements of this character. The
question of the expenditure of money for such
improvement, to be raised by taxation, must be
submitted to a vote of the people, and their action
in voting for or against the tax levy is final. We
know of no limitation on the power of the voters
to tax themselves for local or county improve-
ments except statutory limitations. This court is
not authorized to substitute its judgment for the
discretion vested in the county commissioners, or
for the decision of the people expressed by their
votes cast for or against any improvement of this
character, and it will not so do.

The statute prescribes the steps that must be
taken before the county commissioners are vested
with authority to declare the necessity for such
improvement. The statutes also provide certain
steps that must be taken before the question is

submitted to a vote of the people. In the case at bar, these jurisdictional requirements were not complied with, as has been pointed out, and an injunction will be granted on that ground.

*Injunction allowed.*

BUCHWALTER and HAMILTON, JJ., concur.