GROOMS v ADAMS CO COMMISSIONERS

Ohio Appeals, 4th Dist, Adams Co

Decided October 28, 1929

Messrs. Blair & Ball, Portsmouth, for Grooms.

Messrs. E. S. Young, Seaman, and W. P. Tucker, West Union, for Adams Co Comrs.

MIDDLETON, PJ.

Every date in the notice was correct saving only that the date April 1st, 1928, should have read April 1, 1929. It is so manifest that the date for final hearing was in fact meant for the first day of April, 1929, that it is not conceivable that any one was in any way misled by the mere typographical error thus disclosed.

The other question is whether or not this particular sort of notice must be published in more than one newspaper. At the time **6864 GC** was enacted there were on the statutes many provisions relating to legal publications, some requiring publication in two and others publication in a single newspaper. The legislature by this section provided for publication in

"** a newspaper published and having general circulation in the county where the proposed improvement is located".

By its plain terms, therefore, the requirements of this action are met when publication in a single newspaper is made. It is claimed, however, that **6252 GC** requires publication in two newspapers notwithstanding that the particular section under which the commissioners were acting requires publication in one only. We would be slow to adopt the view that a later statute dealing with a question in a particular and definite way is modified by an earlier section dealing with the same subject matter in a general way. We are not confronted, however, with that question because **6252 GC** provides only that certain particular kinds of notices shall be published in two newspapers. They are election proclamation, orders fixing the times of holding court, rates of taxation, bridge and pike notices and notices to contractors. These are specifically covered by the statute and require publication in two newspapers. The notice required by Section **6864 GC** is not among those enumerated. **Section 6252** further provides generally that such other advertisements of general interest to the taxpayers as the officers may deem proper shall be published in two newspapers, but the officers themselves are the judges of what notices are of such interest as shall require publication in two newspapers. Not only are the officials named to be the judges of what advertisements shall be published but such advertisements must be of "general interest to taxpayers". That means of great or extensive interest affecting a majority, a great number. **Platt v. Crag, 66 OS. 75.** There is no proof that the improvement in question costing less than $1,000.00 was one of general interest to the taxpayers affected by it and for the foregoing reasons

6252 GC in no way changes the provisions of 6864 GC as applied to the advertisement involved here.

We have been cited to the case of **State ex rel Compton vs. Board of County Commissioners, 18 Ohio App. 462,** as sustaining the view of the plaintiff herein. In that case the court was dealing with the second sentence of **6252 GC.** That sentence in mandatory language requires publication in two newspapers in counties having cities of eight thousand inhabitants or more. In the Compton case the court was concerned only with that sentence of **6252 GC** and its holding has reference only to the peremptory language of that sentence. The views reached by us are not necessarily in conflict with the opinion in the Compton case.

We do not find it necessary to go into the question of whether or not the plaintiff is estopped from prosecuting this injunction. We are content to say that the action of the commissioners was entirely within the law.

Mauck, J, concurs. Blosser, J, not sitting.